FRANK S. DE MERS and another *vs.* DON A. DANIELS.

August 30, 1888..

**Contracts—Violation of Penal Statute.**—It is not a necessary inference from the fact that a statute prescribes a penalty for the doing of an act that such an act done is to be deemed unlawful and void.

**Same—Sale of Lots in Town Plat before Compliance with Statute.**—The statute imposing a penalty upon the owner of town-site lands, who sells the same before having complied with the requirements of the law relating to the execution and recording of the town-site plat, construed as not intended to avoid sales or contracts for the sale of such lands, although such statutory requirements may not have been complied with.

Appeal by plaintiffs from a judgment of the district court for Hennepin county, entered pursuant to an order at the trial, by *Hicks,* J. granting defendant's motion for judgment on the pleadings.

*Burt W. Eaton* and *Davis, Kellogg & Severance,* for appellants.

*Weed Munro,* for respondent.

DICKINSON, J.    This action is for the recovery of the amount of two promissory notes, executed by the defendant to the plaintiffs. The defence which we are to consider rests upon these facts:  The notes were given for the purchase price of certain lots and a part of a block, in a tract of land which had been platted as an addition to a town-site, in the county of Polk, by these plaintiffs and others, the proprietors of the land.    The contract of purchase was evidenced by a bond for a deed, executed to the defendant by such proprietors. At that time the plat of a part of these lands had not been signed by all of the proprietors, nor had the same been filed for record, as prescribed by chapter 29, Gen. St. 1878, relating to town plats.    For this reason the contract is claimed to have been void, and it was so considered by the court below, where judgment was directed in favor of the defendant, upon the pleadings.    The defendant is to be considered as having knowledge of these defects when he made the contract.    Section 9 of the statute above referred to declares that "if any person disposes of, offers for sale, or leases for any time, any out or in lot in any town or addition to any town or city, or any part thereof,

before all the foregoing requisitions of this chapter are complied with, every person so offending shall forfeit and pay the sum of twenty-five dollars for each and every lot or part of a lot sold or disposed of, leased, or offered for sale." By a subsequent section it is provided that such forfeitures shall be prosecuted and recovered in the name of the county treasurer.

It must be conceded to be an established principle of law that when a statute prescribes a penalty for the doing of a specific act, that is *prima facie* equivalent to an express prohibition; and that, when the object of such an enactment is deemed to have been the protection of persons dealing with those in respect to whose acts the penalty is declared, or the accomplishment of purposes entertained upon grounds of public policy, not pertaining to mere administrative measures, such as the raising of a revenue, the act thus impliedly prohibited will, in general, be treated as unlawful and void as to the party who is subjected to the penalty. This rule is not, however, without qualification. The question is one of interpretation of the legislative intention. The imposing of a penalty does not necessarily give rise to an implication of an intention that, where an act is done which subjects a party to the penalty, the act itself shall be void, and of no legal effect; and if it seems more probable, from the subject and the terms of the enactment, and from the consequences which were to be anticipated as likely to result from giving such an effect to the penal law, that it was not the intention of the legislature to make the transaction void, but only to punish the offending party in the manner specified, the law should be so construed. *Harris* v. *Runnels*, 12 How. 79; *Pangborn* v. *Westlake*, 36 Iowa, 546; *Middleton* v. *Arnolds*, 13 Grat. 489; *Niemeyer* v. *Wright*, 75 Va. 239. The only provision in this statute from which it can be inferred that contracts for the sale or leasing of platted lands were intended to be prohibited, and avoided if made, is that which subjects the vendor or lessor, who has not first complied with the requirements of the law, to a pecuniary penalty. If the purpose of this section was also to prevent such sales and contracts by making them illegal, a purchaser, having such knowledge of the facts as any reasonably prudent purchaser would acquire, violates the law, and is as much in the wrong as the vendor. The

fact that no penalty, forfeiture, or disability is declared with respect to purchasers, under any circumstances, is worthy of being considered in this connection. The act is wholly consistent with the theory that, as a means of securing the observance of the prescribed requirements as to platting and recording, only the specified penalty should be enforced as a consequence of a disregard of the law. It is in the power of the proprietor, platting his lands, to comply with the requirements of this law. Another person, a purchaser of a portion of the land, cannot do this. A specific penalty is declared for the omission of the former; the statute is silent as to the consequences to the latter.

Unless "all" of the prescribed requirements of the statute are complied with, the penalty, by the terms of the acts, is incurred. The interpretation contended for by the defendant, if strictly applied, would make void contracts relating to the sale or leasing of such lands, if *every* requirement of the law had not been observed. If it be considered that all of these requirements are not equally essential, the statute affords no means for determining what must, in distinction from what need not, be observed, and that could only be ascertained by judicial decisions as cases might arise. These provisions are numerous, and of such a nature that mistakes or omissions in attempting to comply with them were not unlikely to occur; and it might well be expected that serious doubts would arise as to whether, in particular cases, the essential requirements of the statute had been fulfilled. Thus it is declared that all lots shall be numbered in the manner prescribed, and that the names, width, courses, boundaries, and extent of all streets and alleys be given. Our observation has led us to believe that rarely, if ever, have town-site plats in this state been made in strict observance of all the provisions of the statute; and that many omissions have occurred, the adjudications of this court attest. And from time to time curative acts have been passed by the legislature. It is believed, for instance, that names have rarely been given to alleys, and that the courses of streets and alleys have been often omitted. As to whether it was necessary that the monument prescribed in the act should be within the platted territory, the members of this court disagreed in *Downer* v. *St. Paul &*

*Chicago Ry. Co.,* 22 Minn. 251. Many serious questions might be suggested in respect to the various provisions of the law, and as to whether particular acts, not strictly according to the statute, should be deemed to have satisfied the prescribed conditions. That the statute embodies so many and such particular requirements, and that what might be necessary and essential to be done to satisfy it was left so uncertain, affords a reason for the conclusion that the legislature did not intend, as a consequence of a defect in the plat, that all contracts should be void for that reason alone, and although there was no element of fraud in the case, actual or constructive. It would be contrary to the general policy of the law to thus embarrass the rights and interests of parties in respect to real property.

In the Laws of 1881, (chapter 57, Ex. Sess.,) 1885, (chapter 264,) and 1887, (chapter 167,) curative enactments were adopted. The first of these statutes in terms legalized and confirmed plats which had failed in any respect to comply with the law, either as to their making, execution, certification, or recording, and authorized any person owning or claiming any interest in any lot or tract to invoke the jurisdiction of the district court to establish the land covered by such a plat, where that was not disclosed by the plat. The two later acts also provided a mode of determining the land covered by a plat defective in that particular. These curative acts, considered in connection with the fact that by the terms of the law purchasers and lessees were not subjected to any express penalty or disability, involve a legislative recognition of the fact that purchasers, under plats so defective that the vendor would have been subject to the prescribed penalty, acquired rights which deserved the protection of these legislative enactments. And the protection thus extended to purchasers is not limited to sales which had been wholly executed. It is applicable also to executory contracts. Such enactments involve an inconsistency with the theory that the law prohibited such sales and contracts upon grounds of public policy, and that it was intended that such transactions should be treated as unlawful and void, so that the purchaser should not be heard to invoke a remedy for the consequences of his own unlawful conduct. Although this statute has been in force ever since the organization of the territory

of Minnesota, and although defects in the platting of town-sites have been not uncommon, we are not aware that it has ever been understood or suggested that the purpose or effect of this statute in such cases was to render void all contracts respecting the platted lands. We are of the opinion that such a purpose on the part of the legislature is not to be implied from the provisions of this act.

The conclusion above expressed is in accordance with the decisions of the courts of last resort in Ohio, Iowa, and Kansas, under similar statutes. *Strong* v. *Darling*, 9 Ohio, 201; *Watrous* v. *Blair*, 32 Iowa, 58; *Pangborn* v. *Westlake*, 36 Iowa, 546; *Bemis* v. *Becker*, 1 Kan. 226. See, also, *Mason* v. *Pitt*, 21 Mo. 391, and the cases hereinbefore cited. Our conclusion is that the court erred in directing judgment for the defendant.

Judgment reversed.