TOLERTON & STETSON COMPANY v. ALBERT BARCK.[1]

December 6, 1901.

84 497
85 123

Nos. 12,706—(50).

Foreign Corporation—Restrictions by Legislature. ·

The legislature has the undoubted power and authority to impose limitations and restrictions, not repugnant to the constitution and laws of the United States, as conditions precedent to the right of foreign corporations to do business within this state, and when such limitations and restrictions are imposed by proper legislation it is the duty of the courts to uphold them.

## Laws 1895, c. 332, Construed.

Laws 1895, c. 332, construed in the light of this rule of law, and *held* not intended by the legislature as a prohibition against the transaction of business within the state by foreign corporations except upon compliance with the terms thereof by the appointment of an agent resident within the state, upon whom service of summons or other process against the corporation may be made, but solely for the purpose of providing a method of obtaining jurisdiction of such corporations in our courts by the service of summons or other process in actions or proceedings in which such corporation is a party.

Appeal by defendant from an order of the district court for Rock county, P. E. Brown, J., sustaining a demurrer to a portion of the answer. The separate defense demurred to is set forth in the opinion. Affirmed.

*E. H. Canfield*, for appellant.

*F. L. Janes* and *D. C. Shull*, for respondent.

BROWN, J.

Action by plaintiff, a foreign corporation, to recover the value of certain goods, wares, and merchandise sold and delivered by it in the year 1896 to a copartnership doing business at Luverne, in this state, the payment of which was guarantied by defendant. The defendant, among other things, pleaded in defense to the action that plaintiff is a foreign corporation; that the contract on which the action is founded was made and entered into within this state;

[1] Reported in 88 N. W. 10.

84 M.—32

and that plaintiff had not at that time, nor has it at any time since, in compliance with the provisions of Laws 1895, c. 332, filed with the secretary of state, or caused to be recorded in the office of the register of deeds, the written appointment of an agent resident within this state, upon whom the service of summons or other process against the corporation might be made. Plaintiff demurred to this defense, and the demurrer was sustained by the court below. Defendant appealed.

The only question for consideration is with respect to the construction of Laws 1895, c. 332. Section 1 of that act provides, in substance, that every corporation created or organized under the laws of any other state or territory, before transacting any business in this state, or before acquiring, holding, or disposing of property therein, real, personal, or mixed, shall appoint an agent in writing, who shall reside at some accessible point in the state, authorized by it to accept service of summons or process in any action or proceeding in which the corporation is a party, which written appointment is required to be filed in the office of the secretary of state and recorded in the office of the register of deeds of the county of the agent's residence. Section 2 of the act provides, in substance, that, in case any such corporation shall fail to appoint an agent as provided in section 1, the summons or other legal process in any action against it may be served by delivering a copy thereof to its president, secretary, or other officer, or any agent of the corporation, or, if no such officer or agent can be found within the state,—of which the return of the sheriff of the county in which the action is brought is conclusive evidence,—then upon any stockholder thereof; and it is further provided that the service thus made shall be a due and sufficient service upon the corporation.

Counsel for appellant contends that this statute makes it incumbent upon any foreign corporation, as a condition precedent to the right to transact business in this state, to appoint an agent as there provided, and that in case of a failure to do so no contracts entered into by it within the state can be enforced in our courts; that such foreign corporations have no legal entity or existence within this state, and are permitted to maintain actions

to enforce their contracts as a matter of comity or favor only; and that, where such ·corporations neglect or refuse to comply with its laws with respect to the conditions and restrictions imposed upon them as precedent to the right to do business with our citizens, the courts should withhold their aid and assistance in enforcing contracts made.

There is no doubt as to the legislative authority to impose limitations and restrictions, not repugnant to the constitution and laws of the United States, as conditions precedent to the right of foreign corporations to do business within this state; and when such limitations and restrictions are imposed by proper legislation it is the duty of the courts to sustain and uphold them. Such corporations have no legal existence beyond the sovereignty in which created. They exist only in contemplation of law, and their authority is primarily confined to the place of their creation. They are permitted to exercise the functions of their charters in states other than their domicile only by the rules of comity between states, and are not citizens within the privilege and immunity clause of the federal constitution. 13 Am. & Eng. Enc. 875, et seq., and cases cited; Norfolk & W. R. Co. v. Pennsylvania, 136 U. S. 114, 10 Sup. Ct. 958; Paul v. Virginia, 8 Wall. 168; Pembina Con. S. M. & M. Co. v. Pennsylvania, 125 U. S. 181, 8 Sup. Ct. 737; Union v. Thomas, 46 Ind. 44; Cary-Lombard v. Thomas, 92 Tenn. 587, 22 S. W. 743; Dudley v. Collier, 87 Ala. 431, 6 South. 304; Stewart v. Northampton, 38 N. J. L. 436; State v. Doyle, 40 Wis. 175.

But the statute under consideration does not come within the rule of any of the authorities cited, and cannot be given the interpretation contended for by appellant. The cases cited construe statutory limitations and restrictions upon the right of foreign corporations to do business in states other than of their creation, but it will be found that the statutes there involved contained provisions expressly prohibiting the transaction of such business, or declaring contracts made in violation thereof void and unenforceable, or provided a penalty for the failure of compliance on the part of the corporation, from which penalty a prohibition to do business was implied. The statute before us provides no pen-

alty for the failure on the part of the corporation to comply with its terms, other than that the summons may be served in the manner there indicated. It does not declare the transaction of business unlawful, or contracts void. It does not withhold the right to bring actions within this state by any such corporation; nor, as we read it, was it intended to prohibit such corporations from doing business within the state. Indeed, the act fairly contemplates and anticipates that such corporations will do business here. This is shown by the provision for the service of summons where no agent is appointed.

The expressed purpose of the act, as shown by its title, was to provide for the service of summons and other process upon such corporations. This is clearly indicated by the language of the title, and is conclusively shown by the second section. The title is as follows:

"An act to provide for the appointment, by corporations created or organized under the laws of another state, of agents to receive service of summons."

The first section provides, in substance, as we have already stated, for the appointment of an agent for the purpose indicated by the title, namely, to receive service of summons in actions where the corporation is defendant; and section 2 provides that, in the case of the failure of the corporation to appoint an agent, the summons may be served upon any officer or agent or stockholder of the corporation, if found within the state. Section 2 shows beyond any question that the legislature intended the result, or consequence and effect, of a failure on the part of a corporation to appoint an agent as provided by the first section, to be that summons or other process might be served in the manner therein pointed out. The reasonable and fair implication is that the legislature deemed the extension or enlargement of the manner of service of summons and acquiring jurisdiction of such corporations in our local courts ample to effect the objects of the statute. Fritts v. Palmer, 132 U. S. 282, 10 Sup. Ct. 93.

Morawetz on Corporations states the purpose and effect of statutes of the nature and scope of the one here under consideration

substantially in accordance with our conclusions. That writer lays down as a general rule—and he is supported by the authorities generally—that the object of such statutes is to protect parties dealing with foreign corporations from imposition, and to secure convenient means of obtaining jurisdiction in the local courts. It is not the primary purpose of such legislation to render contracts or dealings with corporations which have not complied with the provisions of the law void and unenforceable, and, unless the legislature so expressly declares, the courts ought not to imply such a result. Toledo v. Thomas, 33 W. Va. 566; Hartford v. Matthews, 102 Mass. 221; Union v. McMillen, 24 Oh. St. 67; Wright v. Lee, 2 S. D. 596, 51 N. W. 706; Washburn v. Bartlett, 3 N. D. 138, 54 N. W. 544; 2 Morawetz, Corp. (2d Ed.) § 665.

It is very clear to us that the purpose and object of this statute was, not to prohibit foreign corporations from doing business with our citizens except on compliance with the terms thereof, but, instead, to provide for the service of summons upon such corporations, and for that purpose only. There is no escape from this interpretation. Taking the title of the act and the body of the law together, there is no room for serious doubt. We would not be warranted in reading into it, in case of the failure of a corporation to comply with it, conditions not clearly within the purview and intent of the legislation. The effect of sustaining appellant's contention would be to render void and unenforceable all contracts made by such corporations within this state where no agent had been appointed. Clearly, the legislature did not intend that result, and appellant cannot be sustained. Harris v. Runnels, 12 How. 79; National Bank v. Matthews, 98 U. S. 621; De Mers v. Daniels, 39 Minn. 158, 59 N. W. 98.

Order affirmed.