G. HEILEMAN BREWING COMPANY v. JOHN PEIMEISL.[1]

December 27, 1901.

Nos. 12,729—(131).

Foreign Corporation—Compliance with Laws 1899, c. 69.

A foreign corporation doing business in this state without first complying with the provisions of Laws 1899, c. 69, cannot maintain an action in the courts of this state upon any contract or demand growing out of such unlawful business. Nor will compliance by it with the statute after the making of any such contract, or after the commencement of an action thereon, remove the bar of the statute, which closes the doors of the courts of the state to foreign corporations doing business in the state in defiance of its laws.

Action in the district court for Le Sueur county by plaintiff, a foreign corporation doing business in said county, to recover $195.50 and interest for goods sold therein. The case was tried upon stipulated facts before Cadwell, J., who made an order dismissing the action. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

P. J. Kirwin and John Moonan, for appellant.
G. F. Dullam and J. R. Hickey, for respondent.

START, C. J.

Action to recover for beer sold by the plaintiff to the defendant. The complaint alleged that the plaintiff was a corporation created and existing under and by virtue of the laws of the state of Wisconsin, and duly licensed to sell beer in the city of Waterville, this state; that at divers times between June 30, 1897, and June 1, 1900, it sold and delivered beer to the defendant, at such city, for which he promised to pay the sum of $3,552.40, but has not paid therefor, except the sum of $3,356.90, leaving a balance unpaid of $195.50. The answer admitted that the plaintiff was a foreign corporation, and alleged, in legal effect, that the plaintiff had never complied, or attempted to comply, with the provisions of Laws 1899, c. 69, as amended by Laws 1899, c. 70. The reply alleged that on Septem-

[1] Reported in 88 N. W. 441.

ber 8, 1900, which was after the answer was served, the plaintiff duly complied with the provisions of the law.

The action was tried by the court, which found substantially the facts following: The plaintiff is now, and was during all the times hereinafter mentioned, a corporation duly created and existing under and by virtue of the laws of the state of Wisconsin, and was during all such time engaged in manufacturing and selling beer at wholesale and retail, and owned a warehouse and kept teams at Waterville, in this state, also an agent there for the purpose of selling and delivering their goods and collecting for the same, and the goods mentioned in the complaint were sold and delivered by the plaintiff to the defendant from its warehouse at Waterville, where such agent resided. The allegations of fact in the complaint are true. On September 8, 1900, and not before, the plaintiff duly filed in the office of the secretary of state of the state of Minnesota a duly-authenticated copy of its charter and certificate of articles of incorporation, and duly complied with all the provisions of Laws 1899, cc. 69, 70. Other than this, the plaintiff never complied with the provisions of the law, nor made any attempt so to do. This action was commenced on August 4, 1900.

The court, upon these facts, found, as a conclusion of law, that the plaintiff could not maintain its action, and ordered judgment for the defendant, dismissing the action, and the plaintiff appealed from an order denying its motion for a new trial.

The allegations of the complaint, the admitted facts, and the findings of the trial court justified the conclusion that the plaintiff was doing business in this state, within the meaning of the statute, and the sole question presented by the record for our consideration is this: Was the plaintiff entitled to maintain this action, it having failed to comply with the statute until after noncompliance therewith had been pleaded as a defense? We answer the question in the negative. The here material provisions of the statute are, in effect, these:

Section 1. Before any foreign corporation for pecuniary profit shall be authorized or permitted to transact any business in this state, or to continue business therein, if already established, or maintain any action in any of the courts of this state, it shall

maintain a public office or place for the transaction of its business, and appoint an agent duly authorized to accept for it service of process, who shall reside in the county in which such office is located.

Sec. 3. It shall also file in the office of the secretary of state a duly-certified copy of its charter, with a sworn statement showing the proportion of its stock which is represented by its property and business in this state; and pay into the state treasury $50 for the first $50,000 of such proportion of its stock, or any fraction thereof, and $5 for every additional $10,000 or fraction thereof. The secretary of state, upon compliance by the corporation, with these provisions, shall execute and deliver to it a certificate that it has complied with the laws of this state, and is authorized to do business therein.

Sec. 4. Any such corporation now or hereafter doing business in this state, which shall neglect or fail to comply with the conditions of this act shall be subject to a fine of $1,000, to be recovered before any court of competent jurisdiction; and no corporation which shall fail to comply with the provisions of this act can maintain any suit or action, either legal or equitable, in any of the courts of this state upon any demand, whether arising out of contract or tort.

This legislation is neither hostile nor unjust to foreign corporations, for its purpose is to place them upon an equality with domestic corporations, both as to privileges and burdens; and it is the duty of the courts of the state to give its provisions full effect, and not emasculate them by any technical construction. No question is or can be made as to the constitutionality of the law; for, as held by this court in the case of Tolerton & Stetson Co. v. Barck, 84 Minn. 497, 88 N. W. 10, the legislature has the undoubted power to impose such conditions precedent, not repugnant to the constitution of the United States, as it may deem proper to the right of foreign corporations to do business in this state. It is manifest from the mere reading of the statute here in question that the legislature, in order to secure compliance by foreign corporations with its terms, made such compliance a condition precedent to the right of any foreign corporation to do business in this state, imposed a penalty for noncompliance, from which a prohibition to do business in the state without first so complying is implied, and, further, closed the doors of its courts to such corporations for the enforce-

ment of any contract or demand arising from such unlawful busi-
ness.

These provisions distinguish this case from Tolerton & Stetson Co.
v. Barck, supra, in which we held that noncompliance with Laws
1895, c. 332, by a foreign corporation doing business in this state,
did not render its contracts growing out of such business nonen-
forceable in the courts of this state. It would seem that the fact
that the statute prohibits by heavy penalties the doing of business
in this state by foreign corporations without first complying with
its terms would prevent them from maintaining in our courts any
action upon a contract arising out of such illegal business, even
if the statute had been silent upon this particular subject. Solo-
mon v. Dreschler, 4 Minn. 197 (278); Ingersoll v. Randall, 14 Minn.
304 (400); Bisbee v. McAllen, 39 Minn. 143, 39 N. W. 299. However
this may be, the legislature, as an additional means of securing
compliance with its mandate, expressly provided that "no corpo-
ration which shall fail to comply with the provisions of this act
can maintain any suit or action" in the courts of this state upon
any demand growing out of its illegal business, whether arising
out of contract or tort.

Counsel for the plaintiff practically concede that by virtue of
this provision it could not maintain any action in our courts upon
such a demand until it complied with the statute, but claim that
the statute does not prohibit the commencement of the action,
and that the plaintiff may, after its noncompliance has been
pleaded as a defense, comply with the statute and maintain the
action.

The case of Carson-Rand v. Stern, 129 Mo. 381, 31 S. W. 772, is
cited in support of this contention. The case is in point, for the
statute there under consideration was similar to our own. But
we cannot accept this construction of the statute, for a prohibition
against maintaining an action implies a prohibition against be-
ginning it, for the beginning of the action is one of the necessary
steps in maintaining it. More than that, the construction of the
statute urged on behalf of the plaintiff would invite and foster the
very evil it was intended to prevent. It would enable foreign
corporations to do business in this state in defiance of our laws

until some party, perchance, pleaded its noncompliance in an action brought by it to enforce a demand against him. Then it would comply, and the action would proceed. Such a construction is contrary to the letter and spirit of the statute, and, if adopted by the court, would directly tend to defeat the public policy sought to be enforced by its enactment. The most efficient way to compel obedience to this statute is to enforce it as it reads, and not amend it by judicial construction so as to enable foreign corporations to avoid the consequences of a noncompliance with its terms by complying after the penalties have been incurred.

We therefore hold that a foreign corporation doing business in this state without first complying with the statute cannot maintain an action in the courts of this state upon any contract or demand growing out of such unlawful business. Nor will compliance by it with the statute after the making of such a contract, or after the commencement of an action thereon, remove the bar of the statute. This conclusion is supported by the decisions of the courts of other states having a similar statute. J. Walter Thompson Co. v. Whitehed, 185 Ill. 454, 56 N. E. 1106; Cary-Lombard v. Thomas, 92 Tenn. 587, 22 S. W. 743; Ehrhardt v. Robertson, 78 Mo. App. 404.

Order affirmed.