SHERMAN NURSERY COMPANY v. J. W. AUGHENBAUGH.[1]

October 21, 1904.

Nos. 14,135—(106).

### Sale—Breach of Contract.

Except where the purchase price of goods is payable irrespective of their delivery, if the buyer repudiates the sale while it is executory, and prevents the seller from performing on his part by making delivery of the goods, the seller cannot maintain an action on the contract for the purchase price. His only remedy in such a case is an action for damages for a breach of the contract.

### Action By Foreign Corporation.

Upon the record herein it is *held* that the plaintiff is a foreign corporation for pecuniary profit, doing business in this state, within the meaning of Laws 1899, p. 68, c. 69, relating to foreign corporations; that, having failed to comply with the provisions of the statute, it cannot maintain an action in the courts of this state upon any demand growing out of such business; and, further, it is not within the proviso of the statute excepting from its operation certain corporations.

Action in the district court for Waseca county to recover $300 for goods sold and delivered pursuant to a written contract. The case was tried before Buckham, J., who granted a motion to dismiss upon the conclusion of plaintiff's testimony. From an order denying a motion for a new trial plaintiff appealed. Affirmed.

*W. R. & C. D. Geddes* and *P. McGovern,* for appellant.

*John Moonan,* for respondent.

START, C. J.

The complaint herein alleged that the plaintiff is a corporation organized under the laws of Iowa, and that on May 17, 1902, it sold to the defendant, at the agreed price of $300, payable when the goods were delivered, certain nursery stock, consisting of trees and shrubs, all to be delivered to him at the city of Waseca, this state, in the spring of 1903, pursuant to a written order therefor signed by the defendant

[1] Reported in 100 N. W. 1101.

and plaintiff's agent; and, further, that it delivered such stock to the defendant at Waseca on May 4, 1903.

The answer alleges, with other matters, that on May 28, 1902, and before the plaintiff had done anything in execution of the contract on its part, the defendant countermanded the order, and notified the plaintiff that he would not accept any of the stock. The answer further alleged, in effect, that during all the times mentioned in the complaint the plaintiff was and is a foreign corporation for pecuniary profit, and was doing business—of which the contract alleged in the complaint was a part—as such in this state, within the meaning of chapters 69, 70, pp. 68, 71, Laws 1899, with the provisions of which it has never in any manner complied. The contract contained a provision that it should not be subject to countermand.

The reply contained the following allegations and admissions:

> Plaintiff admits that it is a corporation organized for pecuniary profit, and alleges that the general nature of its business is the cultivating and improving of farms, garden and horticultural lands. Plaintiff admits that it has not complied with chapters 69 and 70 of the laws of the State of Minnesota for the year 1899, and further admits that during all of the times mentioned in the pleadings herein it was doing business in the state of Minnesota.

It was also stipulated on the trial that during all the times mentioned in the complaint and at the time of taking the order the plaintiff was doing business in the state of Minnesota in its corporate capacity, and for pecuniary profit, and did so do business with the defendant, as set out in the complaint; that the defendant attempted to countermand the order as alleged in his answer; and, further, that the general nature of the business of the plaintiff, as provided by its articles of incorporation, is:

> The purchase, propagation, cultivating and sale of nursery stock, including all kinds of trees, plants, vines, shrubs and flowers, and also the purchase and sale of tree and vegetable seeds; also purchasing, holding, renting, using, improving, leasing, selling or otherwise disposing of any and all real estate as may be necessary or convenient in cultivating, handling, or

storing of said goods; also the renting, buying, building, leasing, selling or otherwise disposing of all houses or other movable property or apparatus necessary or convenient for carrying on said business; also contracting with other parties to raise or dispose of said goods.

The evidence on the part of the plaintiff tended to show that the order for the stock was taken by an agent of the plaintiff residing in this state, and was mailed to plaintiff at its principal place of business in the state of Iowa, and in the spring of 1903 the stock was shipped to Waseca by the plaintiff, and an attempt made by its agent to make delivery thereof to the defendant; but he refused to accept the stock, or permit it to be left on his premises. When the plaintiff rested, the trial court, on motion of defendant, dismissed the action, and the plaintiff appealed from an order denying its motion for a new trial.

The grounds upon which the action was dismissed are not disclosed by the record. Counsel for the defendant here seeks to justify the dismissal on two grounds:

1. That the defendant countermanded the order, and notified the plaintiff that he would not accept the goods, before it had done anything in execution of the contract; hence this action for the agreed purchase price cannot be maintained. The answer of the plaintiff to this proposition is that the trial did not progress far enough to admit the evidence of such attempt to countermand. The stipulation of the parties was read on the trial, and the facts therein stated and all matters therein referred to admitted. This stipulation is a substantial admission of the allegations of the answer as to the countermand of the order by the defendant, but not of his legal right to do so. It is true the case did not progress far enough to determine whether the defendant had a legal right to countermand the order, but it stands admitted that he attempted to do so, and refused to permit the plaintiff to deliver the goods; that is, he repudiated the contract, and the goods were never delivered. We have, then, a case where the purchase price of goods is to be paid on the delivery thereof, but the buyer has repudiated the sale, and prevented the seller from making delivery. This brings the case within the well-settled rule that, except where the purchase price of goods is payable irrespective of their delivery, if the buyer repudiates the sale

while it is executory, and prevents the seller from performing on his part by making delivery of the goods, the seller cannot maintain an action on the contract for the purchase price. His only remedy in such a case is an action for damages for a breach of the contract. Gibbons v. Bente, 51 Minn. 499, 53 N. W. 756; McCormick Harvesting Mach. Co. v. Balfany, 78 Minn. 370, 81 N. W. 10; Benjamin, Sales, 195; 24 Am. & Eng. Enc. (2d Ed.) 1113.

It is obvious that the plaintiff cannot recover on the contract the purchase price of the goods; that the complaint does not allege a cause of action for damages for the defendant's breach of the contract; and that for this reason, if for no other, the action was properly dismissed.

2. The second point made by defendant is to the effect that no action can be maintained in the courts of this state either for the purchase price of the goods or for damages on account of defendant's breach of the sale contract, because the plaintiff failed to comply with the provisions of chapter 69, p. 68, Laws 1899, relating to foreign corporations. It is clear from the admissions in the reply and stipulation that the plaintiff is a foreign corporation for pecuniary profit doing business in this state without having complied with the provisions of the statute, and that the contract in question was a part of such business. If, then, the plaintiff be not within the proviso to the statute excepting certain corporations from its operation, it cannot maintain any action upon the contract which is the basis of this action. G. Heileman Brewing Co. v. Peimeisl, 85 Minn. 121, 88 N. W. 441. The proviso is in these words:

> And provided further that none of the provisions of this act shall apply to or in any manner affect corporations which may be organized for the purpose of raising and improving live stock, cultivating and improving farms, garden or horticultural lands, growing sugar beets or any corporation founded for the purpose of canning fruits or vegetables. Laws 1899, p. 70, c. 69, § 4.

No question is raised as to the constitutionality of this proviso, and we do not consider the question. The mere reading of this proviso, in connection with the provision of the plaintiff's articles of incorporation relating to the general nature of its business, which we have quoted, conclusively shows that the plaintiff was not organized for the purpose of raising and improving live stock, and cultivating and improving

farms, garden or horticultural lands, growing sugar beets, or for the canning of fruits or vegetables. No argument can make it plainer. The proviso is an exception to the body of the act, and must be strictly construed. It follows that the plaintiff is not within the exception, and that no action can be maintained by it upon the contract in the courts of this state.

Order affirmed.