WILLIAM F. KRAFT v. EMIL G. HOPPE AND OTHERS.[1]

May 12, 1922.

No. 22,680.

**Mortgage made by unlicensed foreign corporation not void.**
　　1. Section 6206, G. S. 1913, as amended by chapter 49, Laws of 1917, considered and *held* not to render a contract void which was made by a foreign corporation doing business in this state without complying with the provisions thereof.

[1]Reported in 188 N. W. 162.

**Foreign corporation subject to Minnesota process — purpose of section 6206.**

2. The purpose of section 6206 as amended is to subject all foreign corporations doing business in this state to the process of the courts thereof, and if such corporations fail to comply therewith they shall not be permitted to resort thereto for relief and shall be subject to a penalty of $1,000 for each offense.

**Only statutory penalties for violation are permitted.**

3. By the passage of section 6206 the legal presumption is that the legislature specified all the penalties it intended to impose, and it is not the province of the court to inflict more by construction.

**Enforcement of negotiable paper prohibited by statute.**

4. A bona fide holder of negotiable paper executed as part of a transaction prohibited by statute, may enforce the same. To enable the maker to escape liability upon his note when held by a bona fide purchaser, the statute must expressly or by necessary implication declare the note to be void, as well as the contract which constitutes the consideration for it.

Action in the district court for Watonwan county to foreclose a mortgage. The facts are fully stated in the opinion. The case was tried before Comstock, J., who made findings and dismissed the action. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*J. L. Lobben* and *John C. Zehnder*, for appellant.

*Hoke, Krause & Faegre*, for respondent.

QUINN, J.

The German-American Land Company is a Wisconsin corporation engaged in the handling of real estate. In 1916 it became the owner by way of barter of the real estate in controversy, which is located in Watonwan county, this state. In 1918 it sold and conveyed the same by warranty deed, subject to a mortgage thereon of $3,500, to the defendant Hoppe, and took back a mortgage for $2,191.01 as a part of the purchase price. In December, 1918, Hoppe sold and conveyed the premises to the defendant Hanson, subject to the two mortgages. In February, 1919, the last mentioned mortgage was assigned to the plaintiff, who seeks to enforce the same by fore-

closure in this action. The defendant Hanson interposed. the defense that the mortgage was void and unenforceable because the German-American Land Company was a foreign corporation and at the time of the execution of such mortgage had not complied with section 6206, G. S. 1913, with reference to foreign corporations doing business in this state. The trial court made findings to the effect that said land company, at the time of the execution of said mortgage, was doing business in this state, that it had not complied with the statute, and that the execution and transfer of such mortgage were unlawful, unauthorized and void, and for a dismissal of the action. From a judgment entered upon such findings plaintiff appeals.

This action was commenced in June, 1919. On August 21, 1919, the German-American Land Company complied with all the provisions of section 6206 of the statute. Other than this it never complied with the provisions of the law nor made any attempt to do so. The question arises whether the plaintiff as assignee of the mortgage may maintain this action, the mortgagee therein named having failed to comply with the statutes of this state until after noncompliance therewith had been pleaded as a defense in this action.

This statute has been under consideration by this court a number of times. G. Heileman Brewing Co. v. Peimeisl, 85 Minn. 121, 88 N. W. 441; Sherman Nursery Co. v. Aughenbaugh, 93 Minn. 201, 100 N. W. 1101; Palm Vacuum Cleaner Co. v. Bjornstad, 136 Minn. 38, 161 N. W. 215, L. R. A. 1917C, 1012; Finseth v. Scherer, 138 Minn. 355, 165 N. W. 124. Its purpose is to subject all foreign corporations doing business in this state to the process of the courts thereof. If such corporations fail to comply therewith they shall not be permitted to resort to such courts for relief, and shall also be subject to a penalty of $1,000 for each offense. There is no provision in the statute that contracts of unqualified corporations doing business in this state shall be void. If the legislature had intended to render contracts entered into by such corporations under such conditions void, it undoubtedly would have so provided. The legal presumption is that it specified all the penalties it intended to impose, and it is not the province of the court to inflict more by construction.

If contracts in violation of this statute are void, they are absolutely void and no part of them could be enforced. Under such circumstances all of the parties to the transaction would be precluded from enforcing the contract in the courts of this state. Such was not the intention of the legislature. The statute simply provides that, if such a corporation will not subject itself to the process of the courts of this state, it may not be permitted to resort to such courts for relief, and in addition thereto shall be subject to a fine of $1,000. While a mortgage is not an executed contract, yet this mortgage, together with the notes described therein, was a part of the transaction at the time of the sale and conveyance of real estate in question.

It is alleged in the complaint and denied in the answer that plaintiff is a bona fide holder of the mortgage in question and the notes therein described. The answer further alleges upon information and belief that the German-American Land Company is in truth and in fact the owner and holder of the said mortgage and notes and that the plaintiff is not the real party in interest in the suit. It is well settled that a bona fide holder of negotiable paper, executed as part of a transaction prohibited by statute, may enforce the same. To enable the maker to escape liability upon his note when held by a bona fide purchaser, the statute must expressly or by necessary implication declare the note to be void as well as the contract which constitutes the consideration for it. That it was based upon an illegal or prohibited contract is a valid defense against those chargeable with notice thereof, but not against innocent parties who have taken it in reliance upon the law merchant. Finseth v. Scherer, supra, and cases cited therein. The same rule by analogy applies to an assignee of the mortgage securing payment of the note. If the assignee be a bona fide assignee, and not in collusion with the corporation or a representative thereof in an effort to circumvent the statute, and having no knowledge when the assignment was taken that the assignor was unlawfully doing business in this state at the time the mortgage was received, he may enforce it in the courts of this state.

This cause was tried and the decision made upon the theory that, if the German-American Land Company was doing business in this state at the times in question, the entire transaction involving the property in question was absolutely void, for the reason that the land company had not complied with the statute. For this reason a new trial must be granted. If upon another trial it is found as a matter of fact that plaintiff was a bona fide holder of the mortgage and notes, he may enforce the same in the courts of this state, notwithstanding the fact that the foreign corporation referred to was not qualified to transact business in this state as required by the statute. Otherwise the plaintiff cannot maintain such action.

Reversed.

Dibell, J. (concurring in reversal.)
I concur in a reversal.