### PETERSON MERCURY, INC. v. J. P. LOMBARDO.

107 N. W. (2d) 221.

January 13, 1961—No. 38,024.

*Mahoney & Mahoney* and *Erickson, Popham & Haik,* for appellant. *John A. Murray* and *Maun, Hazel & Busch,* for respondent.

MAGNEY, COMMISSIONER.

Peterson Mercury, Inc., brought this action against J. P. Lombardo to recover on a check. Plaintiff appeals from the judgment entered against it.

Plaintiff is a Minneapolis distributor of Mercury automobiles. On January 11, 1958, defendant signed a purchase order for a new Mercury. The order provided for a trade-in of a 1953 car at $1,600 and payment of $2,300 in cash. Defendant delivered a check in that amount to plaintiff. An attempt by plaintiff 2 days later to have the check certified failed because of insufficient funds. Plaintiff then ordered a car conforming to defendant's specifications from the factory. Upon being notified by plaintiff of the arrival of the car, defendant refused to bring in his old car or accept the new one. In the meantime he had purchased a new Buick. Plaintiff deposited the $2,300 check, which was returned, defendant having stopped payment. The new car was held for defendant for some time. It was then put on the floor and sold. There is no claim that plaintiff tendered defendant another car. Plaintiff does claim that it was at all times ready, willing, and able to make delivery of a car in accordance with the contract. The court found that up to February 10, 1958, the date when the check was returned unpaid to plaintiff, and for some considerable but undetermined period of time thereafter, plaintiff was ready, able, and willing to deliver the Mercury to defendant but did not do so because of defendant's refusal to accept it; that thereafter plaintiff sold the car on some undetermined date and at some undetermined price but never thereafter renewed the tender of that car or an identical or similar one. The action was dismissed with prejudice, and plaintiff appeals from the judgment entered.

In the applicable provision of the Uniform Sales Act, Minn. St. 512.64(1), the seller's remedy for nonacceptance of goods is stated as follows:

"Where the buyer wrongfully neglects or refuses to accept and pay for the goods, the seller may maintain an action against him for damages for nonacceptance."

In § 512.64(2, 3, 4) the measure of damages in various situations is

set out. Under § 512.64(1) above, the seller's remedy is an action against the buyer for damages, not an action to recover the contract price. The same rule was applied in Minnesota before the adoption of the Uniform Sales Act in 1917. Sherman Nursery Co. v. Aughenbaugh, 93 Minn. 201, 100 N. W. 1101.

The chattel here involved was not unique and was readily resalable for a reasonable price by the seller. The seller does not complain that the car was not readily resalable. In fact, it was resold without difficulty. In such situations, the seller's only remedy, where the buyer neglects and refuses to accept and pay for the goods, is an action for damages as set out in § 512.64.

Plaintiff, here, is bringing an action to recover on the $2,300 check which was delivered to it by defendant at the time the purchase order was given. In the order, the $2,300 is listed as "BALANCE DUE." It is quite apparent that the payment of the price and the delivery of the car were to be concurrent acts.

We then have a situation where, after the buyer has refused to accept or pay for a car, a chattel which is not unique and is readily resalable, the seller disposes of the car at an undisclosed but probably satisfactory price and then brings an action on the check which represents the balance due on the purchase price. The action amounts to an attempt at specific performance of a contract involving an ordinary chattel. The check sued on is an unconditional order on the bank to pay $2,300. The Laura Baker School v. Pflaum, 225 Minn. 181, 30 N. W. (2d) 290; Minn. St. 335.73, 335.49.

Plaintiff, as we have indicated, could not recover the purchase price of the car in a direct action but would be limited to an action for breach of contract. The check represents the balance due on the purchase price so in effect this is an action to recover the purchase price. Plaintiff has already received the proceeds from the sale of the car. If permitted to recover here, it would also receive the greater part of the purchase price of the car. The law does not sanction such a result. Under all the facts and circumstances here disclosed, plaintiff's only remedy lies in an action for breach of contract, and the trial court properly disposed of the case.

Judgment affirmed.