SHANNON SALES CO., INC., Appellant,

v.

Marc J. WILLIAMS, Patrick L. Dahl, et al., Respondents.

No. C9-92-326.

Court of Appeals of Minnesota.

Sept. 1, 1992.

James F. Carroll, Timothy M. Burke, Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, for appellant.

Christopher R. Walsh, Robert Brenner & Associates, Minneapolis, for respondent Marc J. Williams.

Kay Nord Hunt, J. Christopher Cuneo, Marc A. Johannsen, Lommen, Nelson, Cole & Stagberg, Minneapolis, for respondents Patrick L. Dahl, et al.

Considered and decided by PETERSON, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

PETERSON, Judge.

Shannon Sales Co., Inc. appeals from a judgment dismissing its lawsuit against respondents with prejudice for failure to comply with Minn.Stat. § 303.20 (1990). Respondent Marc J. Williams seeks review of the trial court's denial of his motion for attorney fees. We affirm in part, reverse in part and remand.

## FACTS

Shannon Sales, a Wisconsin corporation, is a flooring distributor that sells flooring to buyers in several midwestern states. The flooring, which is not manufactured in Minnesota, is shipped directly from the manufacturer to the installation site. The paperwork on orders is done in Shannon Sales' Milwaukee office.

Shannon Sales employed Williams, a Minnesota resident, as a sales person from April 1988 through February 1990.

Williams worked out of Shannon Sales' Minneapolis office. Although his territory included all or parts of Minnesota, North Dakota, South Dakota, and Wisconsin, the majority of Williams' sales were to Minnesota customers.

Williams' employment agreement with Shannon Sales included a noncompete clause. The noncompete agreement prohibited Williams from working for a business similar to Shannon Sales that conducted business in the Twin City metro area, Olmstead County, or Duluth for one year after leaving his employment with Shannon Sales. The agreement also prohibited Williams from soliciting sales from any Shannon Sales customers, wherever located, with whom Williams had had contact. The agreement was signed in Minnesota.

Shortly after leaving his employment with Shannon Sales, Williams began working for respondent Great Plains Floorcoverings, Inc., a Minnesota corporation. Great Plains allegedly solicited business from Ellerbe Architects, a Shannon Sales customer located in Minneapolis. Great Plains also allegedly did business with another Shannon Sales customer, Commercial Flooring of Dubuque, Iowa. Shannon Sales sued respondents, claiming Williams' employment with Great Plains violated the noncompete agreement.

## ISSUES

I. Did the trial court err by concluding the transactions underlying this lawsuit were primarily local in character, and, therefore, Shannon Sales was required to obtain a certificate of authority before bringing an action in a Minnesota state court?

II. Did the trial court err by dismissing the action with prejudice because the cause of action arose out of events occurring before Shannon Sales obtained a certificate of authority?

## ANALYSIS

Respondents moved to dismiss pursuant to Minn.R.Civ.P. 12.02 raising Minn.Stat. § 303.20 (1990) as an affirmative defense. Because matters outside the pleadings were presented to and considered by the trial court, the motion is more appropriately characterized as a summary judgment motion. See Minn.R.Civ.P. 12.02.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and * * * either party is entitled to judgment as a matter of law." Minn. R.Civ.P. 56.03. On appeal this court's only function is "to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law." *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

This court must view the evidence in the light most favorable to the nonmoving party. *Abdallah, Inc. v. Martin*, 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954), *quoted in Offerdahl v. University of Minn. Hosps. & Clinic*, 426 N.W.2d 425, 427 (Minn.1988). Accordingly, doubts and factual inferences are to be resolved in favor of the nonmoving party. *Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn.1981). However,

> summary judgment is proper when the nonmoving party fails to provide the court with specific facts indicating that there is a genuine issue of fact. In order to successfully oppose a motion for summary judgment, a party cannot rely upon mere general statements of fact but rather must demonstrate at the time the motion is made that specific facts are in existence which create a genuine issue for trial.

*Erickson v. General United Life Ins. Co.*, 256 N.W.2d 255, 259 (Minn.1977).

### I.

Minn.Stat. § 303.20 requires a foreign corporation to obtain a certificate of authority before maintaining a cause of action in a Minnesota state court. The requirement applies to causes of action based on transactions and agreements that are primarily local in character. *Cohn–Hall–Marx Co. v. Feinberg*, 214 Minn. 584, 588, 8 N.W.2d 825, 827 (1943). What constitutes local or intrastate business is

largely a question of fact to be determined by the circumstances presented in each particular case. *Id.* at 587, 8 N.W.2d at 826.

■ Shannon Sales distributes flooring to customers in Minnesota and maintains an office and employees in Minnesota. Williams worked in Shannon Sales' Minneapolis office, and the majority of his sales were to Minnesota customers. The employment agreement at issue in this lawsuit was signed in Minnesota. Except for Great Plains allegedly doing business with a single Shannon Sales customer located in Iowa, Shannon Sales does not allege any facts to show Great Plains' business activities or Williams' work as a Great Plains employee took place outside Minnesota.

The undisputed facts show this lawsuit arose primarily out of the parties' transaction of business in Minnesota. Therefore, Shannon Sales was required to present the court with specific facts to create a genuine issue as to whether this lawsuit arose out of interstate commerce activities. The facts that flooring was shipped into Minnesota from out of state and that orders were processed in Wisconsin are not sufficient to make this a cause of action arising out of interstate commerce activities. *See id.* at 588, 8 N.W.2d at 826–27 (cause of action arose out of intrastate business activities where plaintiff maintained office and sales agent in Minnesota, contract was executed in Minnesota, and sales were to customer located in Minnesota even though merchandise was shipped into Minnesota from out of state). Because Shannon Sales failed to show the existence of specific facts creating a genuine issue for trial, the trial court properly concluded the transactions underlying this lawsuit were primarily local in character.

■ The facts alleged by Shannon Sales establish at most an incidental relationship between this lawsuit and interstate commerce. The requirement that a foreign corporation obtain a certificate of authority before maintaining an action in a Minnesota state court applies if the relationship between the cause of action and interstate commerce is merely incidental. *See Union Brokerage Co. v. Jensen*, 215 Minn. 207, 226, 9 N.W.2d 721, 730 (1943), *aff'd* 322 U.S. 202, 64 S.Ct. 967, 88 L.Ed. 1227 (1944). Because the events underlying this lawsuit were primarily local in character and any relationship between this cause of action and interstate commerce is merely incidental, Shannon Sales was required to obtain a certificate of authority before bringing its cause of action in a Minnesota state court.

## II.

■ Having determined Shannon Sales was required to comply with Minn.Stat. § 303.20, we must next consider whether the statute permits a corporation to bring an action arising out of events occurring before compliance with the statute if the corporation later complies with Minn.Stat. § 303.20 before bringing the action. Statutory construction is a question of law subject to *de novo* review on appeal. *Doe v. State Bd. of Medical Examiners*, 435 N.W.2d 45, 48 (Minn.1989).

In *G. Heileman Brewing Co. v. Peimeisl*, 85 Minn. 121, 88 N.W. 441 (1901), the supreme court interpreted an earlier version of the Minnesota foreign corporation act. At the time, the following penalty was imposed for noncompliance with the requirements for obtaining a certificate of authority:

> Any [foreign] corporation now or hereafter doing business in this state, which shall neglect or fail to comply with the conditions of this act shall be subject to a fine of $1,000, to be recovered before any court of competent jurisdiction; and no corporation which shall fail to comply with the provisions of this act can maintain any suit or action, either legal or equitable, in any of the courts of this state upon any demand, whether arising out of contract or tort.

*Id.* at 123, 88 N.W. at 442 (citing 1899 Minn.Laws ch. 69, § 4). The court interpreted the statute as meaning

> that a foreign corporation doing business in this state without first complying with the statute cannot maintain an action in the courts of this state upon any contract or demand growing out of such unlawful business. Nor will compliance by it with

the statute after the making of such a contract, or after the commencement of an action thereon, remove the bar of the statute.

*Id.* at 125, 88 N.W. at 442.

Except for nonsubstantive, grammatical changes, the current version of the penalty provision was enacted when the foreign corporation act was amended in 1935. *See* 1935 Minn.Laws ch. 200, § 20. The statute now provides:

No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain an action in any court in this state *until such corporation shall have obtained a certificate of authority;* nor shall an action be maintained in any court by any successor or assignee of such corporation on any right, claim, or demand arising out of the transaction of business by such corporation in this state until a certificate of authority to transact business in this state shall have been obtained by such corporation or by a corporation which has acquired all, or substantially all, of its assets. If such assignee shall be a purchaser without actual notice of such violation by the corporation, recovery may be had to an amount not greater than the purchase price. *This section shall not be construed to alter the rules applicable to a holder in due course of a negotiable instrument.*

*The failure of a foreign corporation to obtain a certificate of authority to transact business in this state does not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action in any court of this state.*

Minn.Stat. § 303.20 (emphasis added).

The language of the current statute indicates the legislature considered prior caselaw when it enacted the 1935 amendment. The provisions regarding the rights of holders in due course and the validity of contracts, which were both added in 1935, codify the supreme court's holding in *Kraft v.*

*Hoppe,* 152 Minn. 143, 145–46, 188 N.W. 162, 163 (1922).

Given the legislature's attention to prior caselaw, it is significant that the absolute bar against a foreign corporation without a certificate of authority maintaining an action in Minnesota courts was changed to a prohibition against a foreign corporation maintaining an action "until" it obtains a certificate of authority. The *Heileman* plaintiff unsuccessfully urged the court to interpret the earlier version of the statute as barring an action "until" a foreign corporation complied with the requirements for obtaining a certificate of authority but allowing a corporation to bring the action after compliance. *Heileman,* 85 Minn. at 124, 88 N.W. at 442.

■ When the legislature amends a statute by changing the wording of the original version, it is presumed the legislature intended to effect a change in the law. *Western Union Tel. Co. v. Spaeth,* 232 Minn. 128, 132, 44 N.W.2d 440, 442 (1950). We construe the 1935 amendment to the statute as rejecting the *Heileman* holding and allowing a foreign corporation, after it obtains a certificate of authority, to bring an action arising out of events that occurred before the corporation obtained the certificate.

Our interpretation of the statute is supported by present standards for asserting jurisdiction over non-resident defendants. In the 1920's, an absolute prohibition against a foreign corporation maintaining an action arising out of events that occurred before it obtained a certificate of authority served the purpose of preventing a foreign corporation from doing business in Minnesota without subjecting itself to the jurisdiction of the state's courts. *See Kraft,* 152 Minn. at 145, 188 N.W. at 163; *Heileman,* 85 Minn. at 124–25, 88 N.W. at 442. Since then, the limits imposed on a state's assertion of jurisdiction over non-resident defendants have been relaxed substantially to reflect the increasing nationalization of commerce. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292–93, 100 S.Ct. 559, 565, 62 L.Ed.2d 490 (1980).

The trial court properly dismissed Shannon Sale's lawsuit because Shannon Sales did not obtain a certificate of authority before bringing the action. However, the action should have been dismissed without prejudice because Shannon Sales may bring the lawsuit after obtaining a certificate of authority.

■ Williams seeks review of the trial court's denial of his request for attorney fees. The trial court may award attorney fees if a party asserts a frivolous claim or acts in bad faith. Minn.Stat. § 549.21 (1990). Its decision will not be reversed absent an abuse of discretion. *Stangel v. Rucker*, 398 N.W.2d 602, 607 (Minn.App. 1986), *pet. for rev. denied* (Minn. Mar. 13, 1987). The party seeking attorney fees has the burden of proving that a claim is frivolous or that a party acted in bad faith. *See id.*

Williams has not established that Shannon Sales asserted a frivolous claim or acted in bad faith. Given the noncompete agreement and Williams' employment with Great Plains, the underlying lawsuit is not frivolous. As to Shannon Sales' argument on the interpretation of section 303.20, the construction urged by Shannon Sales is not frivolous in light of the 1935 amendment to the statute and the absence of caselaw construing the amendment.

## DECISION

The trial court properly concluded Shannon Sales was required to obtain a certificate of authority before bringing its action. The trial court erred by dismissing the action with prejudice. The case is remanded for entry of judgment of dismissal without prejudice. The trial court did not abuse its discretion by denying Williams' request for attorney fees. Williams request for attorney fees on appeal is denied.

Affirmed in part, reversed in part and remanded.