RUSTIN, TRUSTEE, v. THE MERCHANTS' AND MINERS' TUNNEL COMPANY.

1. TAX SALES—AFFIDAVIT OF PUBLICATION.

Unless the affidavit of publication of notice of a tax sale shows that copies of each number of the paper in which the notice was published were delivered by carriers or transmitted by mail to each subscriber of the paper according to the accustomed mode of business of the office, it is insufficient, and a sale based thereon is invalid.

2. SAME—EVIDENCE.

Oral testimony is not admissible to supplement a defective affidavit of publication of a tax sale notice.

3. SAME.

As a general rule, facts which are by statute required to be of record cannot be proved by parol evidence.

4. SAME—PLEADING AND PROOF.

When the plaintiff sets forth the various steps leading up to the execution of a tax deed upon which he relies, and issue is joined thereon, any evidence which tends to prove or disprove the truth of the allegations thus in issue is admissible, even though the complaint might have been sufficient without such averments.

5. SAME—REIMBURSEMENT OF TAXES—JUDGMENT.

Reimbursement to the purchaser at a tax sale of all taxes paid after the sale is in all cases a condition to a recovery by the landowner, but when he recovers judgment and refunds such subsequent taxes, he is entitled to a cancellation of the tax deed to remove the cloud from his title.

*Appeal from the District Court of Boulder County.*

APPELLANT, C. B. Rustin, as trustee, brought this action in the court below to recover possession of the Little Alice mill site, in Gold Hill and Central mining districts, in Boulder county, Colorado. Plaintiff relies upon a certain tax sale and a tax deed to support his cause of action, and sets forth in his pleading the deed and the several steps taken in the assessment, levy, and sale of the property. He alleges the publication of the notice of tax sale in the Boulder News, and avers that the proprietor of the paper made affidavit in due form of the publication of said notice, and transmitted the same to the county treasurer, which officer caused the same to be duly filed in the office of the clerk and recorder of the county, as required by statute. Plaintiff alleges that the property was assessed as the " Little Alice mill site, Central mining district, Boulder county," and that in the notice of sale it was described as the "Little Alice mill site, Gold Hill mining district, Boulder county;" that these mining districts adjoin, but that the boundaries are uncertain; that the property is, in fact, partly in one district and partly in the other, and that either description is sufficient to identify

it with reasonable certainty; and avers that he has paid taxes accruing subsequent to the sale to the amount of $629.13.

In the answer the defendant denies the averments of the complaint as to those matters leading up to the tax deed; admits that the mill site was subject to taxation; that taxes were not paid; denies plaintiff's title, and by way of further answer and cross complaint asks that plaintiff's tax deed be declared invalid and cancelled, for the following reasons:

1st. That in the notice of sale the property is misdescribed.

2nd. That plaintiff was a director in the company in possession of the property, when the sale was made, and was incapacitated from making a purchase of the property at a tax sale.

It is alleged in the complaint that the proprietor of the paper made and filed with the county treasurer an affidavit of publication of notice of sale. Plaintiff introduced no proof in support of either of these allegations, although they are put in issue by the answer, but as part of the defense the following certificate of publication was identified as the one filed in the tax proceeding, and admitted in evidence:

" STATE OF COLORADO, )
  COUNTY OF BOULDER. )  ss.

" C. Ricketts, being first duly sworn, deposes and says: That he is the proprietor of the Boulder News, a newspaper published in Boulder, in the county of Boulder and state of Colorado, and that the annexed notice was published in said paper once each week for five consecutive issues, the first being on the 1st day of May, 1890, and the last publication being on the 29th day of May, 1890.

"C. RICKETTS."

Sworn to June 2, 1890.

Filed in the office of county clerk and recorder June 2, 1890.

The statute prescribing the form of affidavit to be made by the publisher reads as follows:

VOL. XXIII—23

"3884. * * * Such affidavit may be substantially in the following form, to-wit:

"I, ——————————————, publisher (or printer) of the —————————————, a ————————— newspaper, printed and published in the county of ——————————— and state of Colorado, do hereby certify that the foregoing notice and list were published in said newspaper, once in each week, for ————— successive weeks, the last of which publication was made prior to the ————— day of ——————————, A. D. —————, and that copies of each number of said paper, in which said notice and list were published, were delivered by carriers or transmitted by mail to each of the subscribers of said paper, according to the accustomed mode of business in this office.

"———————————————————————

"Publisher (or printer) of the —————————————

"STATE OF COLORADO, ⎫
————————— COUNTY. ⎬ *ss.*

The above certificate of publication was subscribed and sworn to before me by the above named ———————————, who is personally known to me to be the identical person described in the above certificate, on the —— day of ———, A. D. 18——.

"———————————————————————

[SEAL]        "—————————————————————.''

Upon the conclusion of the evidence of the parties, the court instructed the jury to return a verdict for the defendant, and in the final decree ordered the tax deed cancelled, but required the defendant to reimburse plaintiff for the taxes paid by him, with the statutory penalties and interest. To reverse this judgment, the cause is brought here by appeal.

Mr. S. A. GIFFIN, for appellant.

Messrs. ALLEN & WEBSTER and Mr. C. V. MEAD, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

There is some controversy with reference to the location of the Little Alice mill site, the subject-matter of this action. It is described in the assessment roll as the "Little Alice mill site, Central and Gold Hill mining districts;" in the advertisement for sale it is described as the "Little Alice mill site, Gold Hill mining district;" and in the tax deed as the "Little Alice mill site, Gold Hill district," while in the government patent, through which both parties claim title, it is described as in the "Central mining district." The evidence introduced goes to show that there were two mining districts, the Gold Hill and Central, presumably divided by Left Hand creek, which stream runs through the mill site; but it was proved at the trial that there was no record of the establishment of either of the two mining districts named, as required by law. The determination of any question, arising by reason of these descriptions, is, however, entirely unnecessary, as the judgment of the district court must be affirmed, for the reason that no proper affidavit of publication of the tax notice was made, or filed, as required by law. The affidavit in evidence is fatally defective in that it fails to state that copies of each number of the paper in which the notice was published were either delivered by carriers or transmitted by mail to any subscribers, according to the accustomed mode of business of the office, or otherwise.

In the case of *Morris v. St. Louis National Bank*, 17 Colo. 232, an affidavit, more complete, if anything, than the one filed in this case, was held insufficient, and a tax deed based upon such proceedings was declared invalid, the court deciding that proof of notice by publication must be made in substantial conformity with the statute.

The invalidity of the notice in this case is not contested, but it is claimed:

*First.* That the court erred in allowing the introduction of the publisher's affidavit against plaintiff's objection.

*Second.* The court erred in not allowing the plaintiff to supplement the written proof of publication by oral evidence.

The first of these assignments of error is based upon the pleadings, the appellant contending that as the cross complaint does not point out this particular defect, the court should not have permitted evidence thereof to be introduced. The argument is founded upon the well known principle that a cross complaint, like an original complaint, must be complete in itself, and state a cause of action. While this is correct as a legal principle, the answer in this case to this contention of appellant is evident. The plaintiff alleged in his complaint that due and proper publication of the notice of the tax sale was made and an affidavit of such publication filed, as required by law. It matters not that plaintiff might have filed a sufficient complaint without setting forth the various steps leading up to the execution of his tax deed. He having set forth these matters, and issue having been taken thereon, any evidence which tended to prove or disprove the truth of the allegations thus in issue was proper.

The ruling of the court excluding oral evidence to supplement the facts stated in the publisher's affidavit was also free from error. The statute (section 3885, Mills' Annotated Statutes) requires an affidavit to be made and deposited with the county clerk and recorder, and to be carefully preserved by that officer. The evident purpose of the statute was to make such affidavit exclusive evidence of a compliance with the statute with reference to notice by publication. This is in accordance with the fundamental rule that where proof by written evidence is required, oral evidence will not be received, unless in case of loss or destruction of the writing.

In the case of *Martin v. Barbour*, 140 U. S. 634 (a proceeding involving the validity of a sale for taxes of property in Arkansas), the statute under consideration required the notice to be shown by the affidavit of one or more publishers or proprietors of the newspaper, setting forth a copy of the notice, etc.; and it is further provided that said affidavit, when duly made, shall be taken and considered as sufficient

evidence of the fact of publication, the date and number of insertions, and form of such notice.    The affidavit being defective, it was attempted in that case to supply the defect by *ex parte* affidavits ; but the court refused to permit this to be done, and held that the statute required record proof, and that nothing could be substituted therefor.

In the case of *Gibney v. Crawford*, 51 Ark. 34, the court had under consideration a proceeding for calling in county warrants, and it held that the statutory authority under which the county court acts must be strictly pursued.    The statute made it the duty of the sheriff to make a written return, and set out in it the manner in which he gave the required notice, the same to be filed with the affidavit of publication, with the clerk of the county court; and the supreme court decided that the statute in reference to publication obviously intended that the facts should be sworn to in an affidavit and placed on file, and that in the absence of such an affidavit no other proof could supply its place.

In the case of *Martin v. Allard*, 55 Ark. 218, a tax sale was under consideration by the court, the statute under which the lands were sold requiring that notice of sale should be recorded with the clerk, with a certificate showing in what newspaper published, the date of publication, etc., and providing that the record so certified shall be evidence of the facts therein contained.    The court held that the record alone could be looked to as evidence of the fact of publication.

As against these authorities we are cited to the early case of *Thevenin v. Lessee of Slocum*, 16 Ohio, 519.    The decision in that case, which was rendered by a divided court, is based upon two statutes, one passed in 1820 and the other in 1822. The tax proceeding was found to be governed by the act of 1822, and while the act of 1820 provided that a record should be kept of all proceedings relative to advertising, selling, etc., of land upon which taxes were delinquent, the act of 1822, under which the proceedings were held, did not provide for such record.    As the court held that the act of 1822 did not require any record to be made of the advertisement or sale,

the fact that it held that oral evidence was admissible for such purpose is not to be taken as an argument against the authorities which we have cited. As a general rule, facts which should be of record cannot be proved by parol. This principle was applied by the court in the case of *Morris v. The St. Louis National Bank, supra,* and is controlling in the case at bar.

The district court, finding that no sufficient affidavit had been filed, properly instructed the jury to return a verdict for the defendant. It is claimed, however, that the court erred in decreeing a cancellation of plaintiff's tax deed, but we think there was no prejudicial error in this part of the decree. Plaintiff having submitted his tax deed to the judgment of the court, and the same having been found invalid, it could no longer be used in support of his alleged title ; and although its cancellation was asked upon other grounds, it appearing that the defendant was entitled to its cancellation, it was the duty of the court to order it delivered up and cancelled, and as the court amply protected the plaintiff for all the moneys paid out by him upon this tax title, with interest, penalties, and costs upon the same, he is not entitled to complain of this part of the decree. The code provides that the court shall disregard errors and defects not affecting the substantial rights of the parties. The substantial rights of the parties in this case were determined in the ejectment suit, and we think the court properly ordered the cancellation of the tax deed, as part of its judgment.

Moreover, by section 3904, Mills' Annotated Statutes, reimbursement to the purchaser at a tax sale is made a condition to a recovery by the owner in all cases. This is a measure of justice of which the courts must take notice, and the cancellation of the tax deed should be required under this section. It would be illogical and unjust to require the owner to refund the subsequent taxes, and at the same time allow the purchaser to hold the cloud of the tax deed upon his title. *Knowles v. Martin,* 20 Colo. 393 ; *Crisman v. Johnson, ante,* p. 264.

*Affirmed.*