[No. 4426.]

McMann et al v. Walker.

**Bills and Notes—Foreign Corporations.**

A promissory note executed in-this state to a foreign corporation, which has not complied with the statute requiring such corporations to pay certain fees before engaging in business in this state, and transferred before maturity for value to a purchaser without notice of the fact that the payee had not complied with the statute, is valid and may be enforced in the courts.

*Error to the County Court of Arapahoe County.*

· The defendant in error executed and delivered his promissory note, in the city of Denver, payable to the Sprague Collection Agency. The payee was a foreign corporation, and at the time of this transaction had not, nor has it since, complied with the law

requiring such corporations to pay certain fees before engaging in business in this state.—Session Laws 1897, p. 157. Before maturity, the plaintiffs in error, for value and without notice that the payee had not complied with the law relative to foreign corporations, purchased the note from the payee in the city of Denver. In an action by the purchasers against the maker to enforce its collection, the trial court held that the note was void, and rendered judgment for the defendant. The plaintiffs bring the case here for review on error.

Messrs. Goudy & Twitchell, for plaintiffs in error.

Mr. R. D. Thompson and Mr. C. J. Blakeney, for defendant in error.

Mr. Justice Gabbert delivered the opinion of the court.

The only question necessary to determine, is, whether or not a negotiable promissory note, in the hands of parties obtaining it for value, in good faith, before maturity, from a foreign corporation in this state to which it was given in this state, is invalid as against the maker, because such corporation at the time of the execution and delivery of such note, or subsequently, had not complied with the laws relative to the conditions which would authorize it to engage in business within the state. The question is one which has been discussed by the courts of several states, with the result that the decisions on the subject are not altogether harmonious. Whether or not the note in question be invalid as between the maker and payee is a question upon which we express no opinion, because that proposition is not involved, and does not in any manner affect the rights of the parties to this action. The statute which the maker

invokes does not provide that a note given a foreign corporation in the circumstances narrated shall be invalid in the hands of third parties, and it should not be given a construction, unless unavoidable, which would result in visiting upon innocent third parties a penalty for its violation by another. In this state the general rule of law prevails, that negotiable commercial paper, although invalid as between the immediate parties, is valid as to third persons obtaining it for value before maturity, and without notice of its infirmities, unless so declared by statute.—*Boughner v. Meyer,* 5 Colo. 71. See also *Sondheim v. Gilbert,* 117 Ind. 71, 10 Am. St. Rep. 23, where the subject is quite fully discussed and many authorities cited.

The defendant, by giving a note which is not the subject of statutory enactment, thereby conclusively admitted as to third parties purchasing before maturity and in good faith the legal existence of the payee and its authority to take such note, and to negotiate and transfer it by indorsement.—Sec. 60, Negotiable Instruments Act, Session Laws 1897, 210; 4 Enc. Law, 2 ed. 474-475; *Wolke v. Kuhne,* 109 Ind. 313; 1 Edwards' Bills and Notes, 3 ed. § 363; Bigelow on Estoppel, 4 ed. 512.

The plaintiffs were in no manner connected with the original transaction, and they violated no law in purchasing the note from the payee. They purchased it in good faith before maturity, it was negotiable in form; and the maker cannot be heard to say as against them, in these circumstances, in the absence of a statute to the contrary, that the payee committed an illegal act in taking, or had no authority to dispose of it, in the usual course of business, because by its execution and delivery he is precluded from raising any of these questions as against the purchasers who obtained it for value before maturity

without notice of the fact upon which he relies to de-feat it. The courts cannot undertake to render the statute relied upon by defendant effective by impos-ing penalties which it has not provided, or placing them where they do not belong. If defective because no sufficient provision is made for its enforcement, that is a matter for the legislature to remedy. Ac-cording to. the undisputed facts, the. plaintiffs were entitled to a recovery on the note. The judgment of the county court is therefore reversed and the cause remanded, with directions to render judgment in favor of the plaintiffs.

*Judgment reversed.*