[No. 4450.]

## THE BERTHA GOLD MINING AND MILLING COMPANY v. BURR.

**Tax Sales—Publication of Notice—Filing Affidavit—Evidence.**

The purpose of requiring the deposit with the county clerk of the affidavits of the county treasurer and newspaper publisher of the publication of notice of tax sales is to preserve and furnish proof that the requisite notice was given. Except in case of loss such affidavits are the only competent evidence of such notice. The failure to file such affidavits does not invalidate a tax sale and they only become material when the question of notice of such sale is at issue. The fact that such affidavits are not on file with the clerk at the time of or before the making of a tax deed is immaterial if they are on file at the time it becomes necessary to prove the fact of publication of notice.

*Appeal from the District Court of Gilpin County.*

Appellee brought an action in ejectment to recover from appellant the possession of the Pay Rock lode mining claim. Judgment was rendered in favor of the plaintiff, from which the defendant appeals. Several questions are raised by the appellant, which it is not necessary to consider. The following state-

ment presents the controlling question in the case:

Plaintiff introduced testimony which the court held *prima facie* established title in him. The defendant then introduced in evidence a tax deed from the county treasurer, which, in connection with mesne conveyances, *prima facie* established title in it, superior to that of plaintiff, unless the tax deed upon which the title of defendant rested was invalid. This deed was issued in pursuance of a sale of the premises for the delinquent taxes of the year 1895. To establish the invalidity of the deed, the plaintiff introduced the testimony of the county clerk and recorder, which was to the effect that during the years 1896 to 1900, both inclusive, no affidavit of the county treasurer of the posting of notice of tax sale for such taxes, or affidavit of the publication of such notices, was on file in his office. On cross-examination it appeared that affidavits of the posting and publication of these notices were filed with the county clerk on the 14th day of March, 1901. These affidavits were in all respects regular and showed that the requisite notice of sale had been given. The tax deed bore date January 5, 1900. The trial court held, upon this testimony, that the tax deed was invalid. Whether or not this holding was correct, is the only question necessary to consider.

Mr. BRANCH H. GILES and Mr. CHASE WITHROW, for appellant.

Messrs. BULLIS & WILLIAMS, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Sec. 3882a, 3 Mills' Ann. Stats., provides that the treasurer shall give notice of the sale of real property by publication in a newspaper, and also by notice posted in a conspicuous place on or near the outer

door of the office or building commonly used as the office of the treasurer. For the purpose of proving that such notice has been published, sec. 3884, 2 Mills' Ann. Stats., directs the form of affidavit which shall be made by the publisher of the newspaper in which such notice is published, and that this affidavit shall be filed with the treasurer. Sec. 3885, 2 Mills' Ann. Stats., directs that the county treasurer shall make, or cause to be made, an affidavit of the posting of the notice required by sec. 3883a, *supra,* which, with the one to be furnished by the publisher, shall be deposited with the county clerk, "to be there carefully preserved."

The sole purpose of requiring the deposit of these affidavits with the county clerk is to preserve and furnish proof that the requisite notices of the sales of property for delinquent taxes were given in the manner required by law, when that question becomes material.—*Rustin v. M. & M. Tunnel Co.,* 23 Colo. 351. The law does not require them to be filed at any particular time, nor does it declare that the failure to file them before the issuance of a tax deed shall render such deed invalid. Except in case of loss they constitute the only competent evidence of those facts which they are intended to establish.— *Rustin v. M. & M. Tunnel Co., supra.* Proof that they were not on file with the county clerk would *prima facie* establish the tax deed invalid, not, however, upon the ground that they had not been filed, but because their absence would be *prima facie* proof that the requisite notices of sale had not been given.— *Charlton v. Kelly,* 24 Colo. 273. The omission to file them cannot injuriously affect the rights of the owner of the property sold. They are not intended for his examination for the purpose of ascertaining whether or not his property has been sold, and if sold, when the time for redemption will expire, because the

revenue law has made ample provision for a record of tax sales in the office of the county clerk from which the owner can much more readily obtain such information than from affidavits of posting and publication which would be merely pigeon-holed.—Sec. 3893, 2 Mills' Ann. Stats. It is apparent, therefore, that the failure to file such affidavits cannot in any event prejudice the rights of the owner; that they only become material when the question of requisite notice of sale is in issue, and if they are filed when it becomes necessary to prove that fact, they have then served their sole purpose.

The judgment of the district court is reversed.

*Judgment reversed.*