[No. 5740.]

## STERNBERGER v. MOFFAT.

1. **Tax Sale**—Advertisement—It is the fact of the publica-
tion and posting of the notice of sale which confers upon the
treasurer power to make the sale. The affidavit of publication
may be filed at any time, even upon the trial of an action to
cancel the tax deed.—P. 523.

2. **Witnesses**—Competency—A public officer may not by his
declarations, or even by his oath, nullify his official acts.—P. 524.

*Appeal from Gilpin District Court.*
*Hon. A. H. DeFrance, Judge.*

Mr. DAVID MITCHELL, for plaintiff in error.

Messrs. HICKS & WELLS, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

In this action to cancel a tax deed defendant appealed from the decree which adjudicated the same void and ordered its cancellation.

The only objections of importance which plaintiff urges against defendant's title thereby evidenced, is that proper proof of the publication of the delinquent tax list and notice of sale and the posting thereof was not made, or filed in the office of the county clerk, as our law requires.—Secs. 3883, 3884, 2 Mills' Ann. Stats. The tax deed, introduced in evidence by defendant, is valid on its face and by § 3902, 2 Mills' Ann. Stats., it is *prima facie* evidence, *inter alia,* that the property was advertised for sale in the manner and for the length of time required by law. To overcome this presumption plaintiff showed that when this action was begun there was not on file with the county clerk an affidavit of the county treasurer of the posting of the delinquent tax list and notice of sale, as required by § 3885, 2 Mills' Ann. Stats., and while there was an affidavit by the publisher of a newspaper of the publication therein of such list and notice, as required by § 3884, the same was, under decisions of this court in *Rustin v. M. & M. Tunnel Co.,* 23 Colo. 351, and *Morris et al. v. St. Louis National Bank,* 17 Colo. 231, fatally defective. After this showing as to the absence from the files of the treasurer's, and the insufficiency of the publishers', affidavit, which, unless overcome or supple-

mented by other proof, would make the tax deed void, defendant produced, and over plaintiff's objection the court admitted in evidence, another affidavit of the publisher of the newspaper which was verified and filed with the county clerk during the progress of the trial and was, as to form and substance, in harmony with the statute; and also an affidavit by the treasurer of the posting by him of the list and notice of sale, which was made and filed after the trial began, and which defendant apparently considering insufficient, subsequently withdrew and substituted a second affidavit of the treasurer which, filed with the county clerk, did conform to the statute. With the court's permission, but over defendant's objection, plaintiff then called the county treasurer as a witness, with a view, by his oral testimony, to discredit or destroy the effect of his own previous affidavit of posting. The treasurer testified that the facts set out in that affidavit were not within his memory at the time, but that from the public records he believed them to be true and so verified them because it was his invariable custom as treasurer to post such lists and notices of sale as the statute required him to do. Upon these facts plaintiff contends, first—and this applies both to the affidavit of the publisher and those of the treasurer—that their making and filing with the county clerk are conditions precedent to a valid sale and the subsequent execution of the tax deed, and they cannot be made or filed afterwards; hence their admission in evidence by the court constituted prejudicial error; second—and this applies only to the second affidavit of the treasurer—that its character as proof is entirely destroyed by the oral evidence of that officer that he had no independent recollection of its facts.

1. The first objection has been ruled against plaintiff by this court in *Bertha G. M. & M. Co. v. Burr*, 31 Colo. 264. It was there held that it is the fact of publication and posting and not proof thereof that gives the treasurer jurisdiction to make a tax sale and execute a tax deed, and that the filing of the statutory affidavits may be made whenever it becomes necessary to prove the facts of publication and notice. We also observe that though plaintiff objected to the introduction of these affidavits upon various grounds, he saved no exception to the ruling of the trial court admitting them, and for that reason alone, his cross errors assigned to such rulings do not call for consideration. We prefer, however, to base our ruling upon the previous decision of this court, which shows that the objection is untenable.

2. It is established by the Rustin and Burr cases, *supra,* that the publisher's affidavit of publication and the treasurer's affidavit of posting, when filed with the clerk, constitute the exclusive proof respectively of the facts of publication and posting, and that evidence thereof is incompetent, unless the affidavits have been filed and subsequently lost or mislaid, and then only that such affidavits had in fact been filed and lost or mislaid and that they complied with the statute. These affidavits being properly in evidence, and that of the publisher being in strict compliance with the law and its force in no respect being weakened, the fact of publication has been established as our revenue law requires.

The remaining question, therefore, and it presents the sole contention of plaintiff which has any merit, relates to the affidavit of the treasurer. The plaintiff admits that if it was properly in evidence it shows a proper posting of the delinquent tax list and notice of sale; but he maintains that, since the treasurer admits that when he subscribed and verified it

he did not have an independent recollection of the facts which it recites, it is entirely worthless as evidence, hence there is no proof of the essential fact of posting. Defendant's position is that when the affidavit of the treasurer showing a compliance with the statute is filed with the county clerk it imports absolute verity and cannot be contradicted. We are not called upon to decide that question under the facts of this case. It will be observed that plaintiff did not attempt by competent evidence to show, as matter of fact, that the treasurer did not post the list and notice. He merely sought to weaken the force of his affidavit by his own oral admission that his recollection of its facts was not distinct or was wholly wanting at the time he subscribed it. Disclaiming expression of opinion as to whether the treasurer's oral testimony weakens, or overcomes, the probative force of his filed affidavit, we think a public officer may not thus render nugatory his official acts to the injury of those who have a right to rely upon public records.—20 Am. & Eng. Enc. Law (1st ed.), p. 511. If the county treasurer's oral testimony that when he made this affidavit he had no independent recollection of the facts is competent and admissible, the solemn record of a public officer that he performed his official duty could be nullified by his subsequent oral contradictory statements. We do not say that the treasurer's affidavit, when put upon the record, may not be shown by competent evidence by a party injuriously affected thereby to be false in fact, that is to say, that he did not discharge his official duty. We limit our decision to the case, as attempted to be made, and not to another state of facts.

As there is no other ground, than the alleged lack of proof of posting by the treasurer, upon which can rest the decision of the court below adjudicating the tax deed void, and as our conclusion on the evi-

dence is that such proof was made and was not over-
come, it necessarily follows that the decree was wrong
and it is therefore reversed.          *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT
concur.