[No. 6512.]

GARDNER V. CHERRY.

1. TAX TITLE—*Advertisement of Sale—Proof of Publication—*An affidavit of the publication of the notice of a tax sale of lands, showing no more than that copies of the paper were deliv-

ered by mail or by carrier to all regular subscribers in the
country, is defective—(152).

2. ——*Supplemental Affidavit*—Where the affidavit of pub-
lication is defective, a supplemental affidavit supplying its de-
fects, though made and filed only the day before the trial of an
action in which the tax sale is contested, is admissible and to
reject it is error—(154).

And where such supplemental affidavit is afterwards con-
tradicted by affidavit of the same person who made it, the court
should receive evidence, and determine which affidavit speaks
the truth—(155, 156).

The supplemental affidavit, secured and filed on the eve of
the trial, is not a public record, and so above contradiction and
impeachment by the same affiant, within the doctrine of *Stern-
berger v. Moffat*, 44 Colo. 520—(156).

*Appeal from Denver District Court*—HON. HU-
BERT L. SHATTUCK, Judge.

Mr. EDMUND J. CHURCHILL attorney for appel-
lant.

Mr. JOHN H. DENISON attorney for appellees.

Mr. JUSTICE HILL delivered the opinion of the
court.

This is an action to quiet title. Complaint is in the
usual form. The answer denies the allegations of the
complaint and alleges the defendant is the owner by
virtue of a certain tax deed, etc. The validity of the
tax deed was brought into question by replication.
Judgment was in favor of the plaintiffs, from which
this appeal is prosecuted.

At the trial (which was held January 16, 1908),
the plaintiffs deraigned a good title by certain evidence
and admissions; thereupon the defendant offered in
evidence a tax deed to the property, dated December 14,
1904, and recorded upon the same date, also tax re-
ceipts showing taxes paid by him for the subsequent
years of 1904, 5 and 6. The defendant then offered as

evidence its Exhibit 5, which was a purported certified copy of an affidavit of publication of the tax sale, under which the deed was issued.   At the time this offer was made defendant's counsel stated, in substance, that the affidavit was only made the day before, but that they would argue that at the proper time.   The plaintiffs objected to the admission of 'this affidavit, and, among other things, their counsel stated:

"And I wish to say that if any evidence should come up that will discredit this Exhibit 5, I shall reserve the right to ask for a new trial, as the said affidavit filed yesterday is a complete surprise to me and to the plaintiff.   *   *   *   I have made some effort to find out the facts in reference to this affidavit of yesterday, but I have not been able to learn anything definite, and I cannot make a statement that I can produce any evidence on that subject, but I have information which leads me to believe that I can obtain some."

Previous to the court's ruling on the admission of this affidavit, two other affidavits pertaining to the publication of this tax sale list were admitted in evidence.   The first was dated and sworn to on November 7, 1901; evidently this was the first one, and filed in an attempt to comply with the provisions of the statutes as to proof of this publication.   The second was dated and sworn to November 21, 1901; it was evidently intended as an addition and supplement to the original, and appears to set forth facts not contained in the former.   Pertaining to the dates of publication, both were defective in only stating that copies of the paper were delivered by mail or transmitted by carrier to all regular subscribers in the county.

The trial court refused to admit in evidence the affidavit, Exhibit No. 5, which appears to have been secured from the business manager of the paper the day before the trial, for the purposes of this case.   It is conceded that the first two affidavits are totally de-

fective and are not sufficient to show a substantial compliance with the statute. In rejecting the third affidavit, the court stated,

"It seems to me, gentlemen, that this publisher's affidavit, Exhibit No. 5, under the circumstances of this cause, ought not to be received in evidence. It being admitted, then, that the other certificates are not sufficient in form, I suppose it is not necessary for me to decide anything further."

The third affidavit, evidently secured by the defendant, is sufficient in form, and it is contended under the ruling of this court in the case of *Sternberger v. Moffat,* 44 Colo. 520, that this question has been determined; that the affidavit was admissible and that the trial court erred in rejecting it.

The record further discloses that, six days after the trial, the plaintiffs filed in the case a motion to open up the decree, which was in their favor, and to permit them to introduce in evidence a certified copy of another affidavit of the business manager of this same paper (who had made the previous affidavits), in which last affidavit he states that the facts set forth in the first two affidavits were correct, and that this affidavit is made to correct the certificate and affidavit signed by him on January 15, 1908 (Exhibit 5). He further states that the statement in the affidavit of January 15th, that copies of each number of said paper in which said notice and list were published, were delivered by carriers or transmitted by mail to each of t' subscribers of said paper, according to the custom mode of business in said office, was not true; but whereas, in truth said notice and list were delivered with the said paper to the subscribers within the County ^' Arapahoe, but not to the subscribers of said paper without said county, and that the above quoted statement in his verified certificate filed January 15, 1908, was a mistake, oversight and inadvertence. The plain-

tiffs, as a further reason to sustain their motion to open up the decree and allow this evidence to be introduced, filed with the motion an affidavit of their counsel; he states that at the trial the plaintiffs were surprised by the introduction of the affidavit of January 15th; that neither plaintiffs nor counsel ever heard of the affidavit (defendant's Exhibit 5) until it was offered in evidence; that said affidavit was, by mistake, false in fact, in this, that the advertisements of tax sales therein mentioned were not circulated outside of the county, and that the same has been corrected by the subsequent affidavit, a copy of which is set forth in the motion to which this affidavit is attached.

In the case of *Sternberger v. Moffat, supra,* it was held, where an affidavit of the publisher was defective, and another one in due form, properly verified, was filed with the County Clerk during the progress of the trial, which conforms to the statute, that it was properly admitted in evidence, citing with approval the case of *Bertha Gold M. & M. Co. v. Burr,* 31 Colo. 264.

While it is true, in the case at bar the original affidavit, and the one supplemental thereto, state a partial compliance with the statute, yet they do not state or show that the remainder of its conditions was complied with; they state that the delivery was by mail or carrier to the subscribers of the paper in the county, but do not state how, or that they were delivered to the subscribers of the paper residing out of the county. Under these circumstances, following the cases above cited, we think it was proper for a supplemental or additional affidavit to be filed setting up the truth of these facts; for which reasons, we conclude it was error to reject the affidavit which showed a compliance with the statute, although it was executed and filed the day preceding the trial. This necessitates a reversal of the judgment, but makes unnecessary any ruling upon the cross assignment of error by the plaintiffs (appellees here),

in the overruling of their motion to open up the decree
and allow the introduction of the affidavit of the same
business manager of the same paper, who made the for-
mer affidavits.

In view of a new trial the existence of all of these
affidavits on record becomes material, and it is proper
for this court to give an expression concerning them,
and their effect when again offered in evidence. When
the records are again produced from the County Clerk's
office, if the position of this record is correct, they
will disclose the existence of these four affidavits per-
taining to this publication. The first two, filed soon
after the publication, fail to show that the statute was
complied with in the delivery of the paper containing
the published notice of the tax sale, to all the subscrib-
ers of the paper, or the manner of its delivery. The
one executed and filed January 15, 1908, will show a de-
livery in compliance with the statute; another, by the
same person, filed four or five days afterwards, will
show that the delivery was not made in compliance with
the statute, or at all, to subscribers of the paper resid-
ing outside of the county; in other words, that the
statute was not complied with. It further states that
his affidavit of a few days previous was false, in fact,
and these false statements were a mistake, oversight
and inadvertence upon his part.

In the case of *Bertha Gold M. & M. Co. v. Burr,*
*supra,* it was held that it is the fact of publication and
posting, and not proof thereof, that gives the treasurer
jurisdiction to make a tax sale and execute a tax deed,
and under this state of the record where the first two
affidavits fail to state a compliance with the law, the
third does, and the fourth states the third is false, and
reiterates the truth of the first and second, all executed
by the same person, we think it incumbent upon the
trial court, when properly presented, to receive evi-
dence concerning, and pass upon the question of fact as

to which of these affidavits states the truth and be guided accordingly.

Under the circumstances shown this third affidavit is not the kind of a public record, which, as a matter of public policy, the law would not permit to be impeached; and while it is true, as stated by Mr. JUSTICE CAMPBELL in the case of *Sternberger v. Moffat, supra,* "we think a public officer may not thus render nugatory his official acts to the injury of those who have a right to rely upon public records.—20 Am. & Eng. Enc. Law (1st ed.), p. 511." We do not think it is applicable to the case under consideration; eliminating the question of whether the acts of a publisher are such as a public officer, the record discloses that this affidavit, which its maker says is false in fact, had not been made a public record in an attempt to comply with the provisions of the statute at the time it is presumed it would be done. The first two affidavits were evidently intended for that purpose, and to any one who relied upon these documents, they fail to state that the law was so complied with. This third one was evidently secured by the defendant and filed with the County Clerk the day preceding the trial, for the purpose of sustaining the validity of this tax deed, and if, under these circumstances, it fails to state the truth, it would be an anomalous position for a court to hold that it could not be impeached; otherwise, the result would be to say that if, by some means, a party to a suit (concerning the validity of a tax deed), the day preceding the trial, secured an affidavit, false in fact, it could not be held subject to impeachment for the reason that it was made by the publisher and filed as a public record.

Had an attempt been made to attack the truth of the statements in the original affidavit of the publisher, filed in compliance with the statutes, within a reasonable time after the publication of the tax sale,

upon which the public had the right to rely at the sale and subsequent, that would present an entirely different question and no expression of opinion is here intended upon a case of that kind or any other involving any public document; these views are expressly limited to the facts under consideration where it is sought to be shown that the affidavit was secured the day preceding the trial, then filed with the County Clerk, and a certified copy introduced in evidence the next day, when its maker, a few days thereafter, states in another affidavit, evidently advisedly, that the other is false in fact and was made through oversight, inadvertence and mistake, all of which are now on file and refer to this tax sale. Under these circumstances it would be a queer rule indeed to hold that the veracity of the statement of facts contained in this affidavit could not be inquired into and the real truth of the matter ascertained.

Other irregularities are urged which it is alleged make the tax deed invalid, but inasmuch as the ruling pertaining to the sundry affidavits concernng the publication of the tax sale list compels a reversal of the judgment, and if the facts are as counsel claim they are, and the way the record as a whole appears to indicate, it makes unnecessary the consideration of any of the other questions urged.

For the reasons stated the judgment is reversed and the cause remanded for a new trial in harmony with the views herein expressed.          *Reversed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE MUSSER concur.