## JULIUS CONVERSE v. ORISON FOSTER.

*Promissory Note.   Consideration.   Intoxicating Liquors.*

A contract made in this State for the purchase of spirituous liquors, contrary to the statute of 1846, (acts of 1846, No. 24, p. 18,*) the vendor having knowledge that the liquors were to be sold here by the vendee without a license, is illegal, under the act of 1846, No. 24, although the delivery of the liquors was made in another State, where the vendor resided and did business, and where the sale would have been legal; and the fact that the promissory note for the price of the liquors was subsequently made in the latter State does not render the note valid as between the original parties to it, or in the hands of any holder with notice of the illegality of the consideration.

But in the hands of an indorsee for value, who bought it before its maturity and without notice of any illegality in its consideration, the note is valid and collectible.

*It seems* that the rule would be the same under the act of 1852 in regard to traffic in intoxicating drinks. POLAND, J.

Illegality of consideration is no defence to a suit brought upon a note or bill by a *bona fide* holder for value, who obtained it while current and without notice of the illegality, unless the statute making the consideration illegal, expressly provides that the contract shall be void.

ACTION upon a promissory note for one hundred and seven dollars and fifty-two cents, dated Boston, Nov. 14, 1849, payable to Loton, Gassett & Co., or order, six months after date, and

---

\* Which act provides a penalty for its violation, but does not in express terms declare the contract for such illegal sale to be void.

indorsed to the plaintiff. Plea, the general issue, and trial by the court at the May Term, 1859,—REDFIELD, Ch. J., presiding.

The facts found by the court, which it is material to state, are as follows: The note was given in Boston, Massachusetts, at the time it bears date, for spirituous liquors. The defendant had been in the habit of purchasing liquors of Loton, Gassett & Co., in Boston, who were dealers in spirits there, which he sold at Northfield, Vermont, without a license. This fact was understood by Loton, Gassett & Co. The defendant had closed his business at Northfield before October, 1849, and employed his brother, Henry Foster, to attend to its settlement. These liquors were bought to be sold by Henry, at Nothfield, while attending to the settlement of the defendant's business. It was agreed that the defendant should pay Loton, Gassett & Co. for what liquors his brother bought, and the note in question was given pursuant to that agreement. The contract for these liquors was made at Northfield between Henry Foster and Charles Gassett, an agent of Loton, Gassett & Co. for selling liquors in Vermont. The liquors were sent by Loton, Gassett & Co. by putting them into the custody of common carriers at Boston, directed to Henry Foster, at Northfield. Henry Foster had no license to sell liquors in Vermont, and this was known to Charles Gassett at the time of the contract.

The note was sold and indorsed by Loton, Gassett & Co. to one Swazy, for value, and Swazy transferred it for value to Frederick Smith, about the first of April after its date, who has continued the owner ever since.

The court rendered judgment for the plaintiff for the amount of the note, to which the defendant excepted.

*Washburn & Marsh* for the defendant.

*Charles M. Lamb* and *Converse & French* for the plaintiff.

POLAND, J. Under the decision of *Territt et al.* v. *Bartlett*, 21 Vt. 184, and several cases since, following that case, the note in suit must be regarded as founded upon an illegal consideration, and therefore invalid between the original parties,

and in the hands of any holder with notice of such infirmity. The contract for the sale of the liquors being made in this State, with the knowledge that they were to be sold here in violation of our statute, made the sale illegal, though the delivery was in another State, where such sale, for aught that appears, would have been legal. The fact that the note for the price was subsequently given in Boston, we think did not make the note valid, or vary the case from what it would have been if given in this State.

The plaintiff must rely therefore wholly upon the effect of the negotiation of the note, so that he stands in the position of a bona fide holder of the note for value, and without notice of any illegality in the consideration for which the note was given.

The depositions mentioned in the exceptions as containing the facts upon this subject, have not been shown to us, but no question is made by the defendant's counsel, but that the plaintiff is entitled to any and all advantage arising from the position of being such a holder of this note.

Does this fact entitle the plaintiff to recover upon the note, when the original payee could not ? The defendant claims that not only was the consideration of the note illegal, but that the note was absolutely *void*, not only in the hands of the original payee, but that it so continued into whosever hands it might come by subsequent transfer. The English decisions under the early statutes of that country against usury and gaming, are quoted in support of that view. There is no occasion or reason, we think, to question the soundness of those decisions, and they have been adopted and followed in this country under similar statutes. But are they applicable, and in point to the present case ?

The statute of this State in force at the time of this transaction, prohibited all sales of spirituous liquors except for certain specified purposes, and by certain persons duly licensed therefor, and imposed a penalty for all acts of selling in contravention of the law, but contained no provisions in reference to the legal effect, or binding force of such illegal contracts of sale, or of any securites given for the price of liquors so illegally sold.

The English statutes against usury and gaming, not only

impose a penalty for such illegal acts, but expressly declare that all notes, bills, bonds, and other securities given upon such illegal considerations shall be *utterly void*. All the cases that have been cited, and all that can be, so far as we know, both English and American, upon this subject turn upon this very distinction and difference between these statutes. In those cases in which the legislature has declared that the illegality of the contract or consideration shall make the *security*, whether bill or note, *void*, the defendant may insist on such illegality, though the plaintiff or some other party between him and the defendant, took the bill or note *bona fide*, and gave a valuable consideration for it. But unless it has been so expressly declared by the legislature, illegality of consideration will be no defense in an action at the suit of a *bona fide* holder for value without notice of the illegality, unless he obtained the note or bill after it became due. This doctrine is fully stated by Mr. Chitty and Judge Story in their treatises on Bills and Notes; see also *City Bank* v. *Barnard*, 1 Hall 70; *Vallette et al.* v. *Parker*, 6 Wend. 615.

Under the statute of 7 Geo. 2, c. 8, against stock-jobbing, which provided that all *contracts* for the price or value of stocks and securities mentioned in the statute, should be null and void to all intents and purposes whatsoever; it was held that a bill of exchange given in respect of such a transaction, was invalid between the original parties, but was valid and collectible in the hands of a *bona fide* holder without notice of the illegality, who received it for value and while current; *Chitty on Bills*, 92, and cases cited in notes E. and F.

This question was really decided by this court in *Pinder* v. *Barlow*, 31 Vt. 529. A note of the decision will be found in the Law Reporter, March, 1859, 696. That case arose under the statute of 1850, which in respect to the consequences attached to the illegal contract, was substantially the same as that of 1846, under which this case arose. The defendant owed Meech for liquors sold contrary to the statute, and Meech owed the plaintiff a legal debt. Meech and the defendant settled, and the defendant gave his note for the amount due for the liquors, but Meech informed him, that he wished to let the plaintiff have the

note in payment of his debt to him, and therefore made the note payable directly to the plaintiff.

The plaintiff received the note of Meech in payment of his debt, with no knowledge of the consideration for the note between Meech and the defendant. It was held that the plaintiff really stood in the position of a *bona fide* holder of the note and was entitled to recover upon it. In the opinion, which was delivered by the Chief Justice, it is intimated that under our present statute, which provides that no action shall be maintained for the recovery or possession of intoxicating liquor, or the value thereof, except such as are sold or purchased in accordance with the provisions of this act, the question might merit a different consideration. But it has been recently held by the supreme court in Massachusetts, under a statute almost identical with ours in this particular, that a note given for the price of liquors illegally sold, was valid and collectible in the hands of a *bona fide* holder. This decision seems in accordance with the current of decisions on the subject.

The argument of the defendant's counsel is based mainly upon an expression of REDFIELD, J., in *Territt* v. *Bartlett*, "that a contract which has for its object, or which contemplates any act prohibited by express statute, or the commission of which incurs a penalty, is as much illegal and void as if the statute in express terms so declared." But it is to be remembered that the question in that case was wholly as to the binding effect of such contract between the parties to it, and no question was before the court, or discussed, as to the effect of a transfer of a negotiable security given upon such an illegal consideration. The plaintiff claimed in that case, that as the statute did not declare the contract *void* in such case, but only imposed a penalty for selling, the contract should be held good and enforced, and that it came within a class of English cases where contracts in violation of certain revenue laws have been held valid, though prohibited under a penalty.

But the court refused to adopt this view, and held that as the object and purpose of the statute was to prevent the general and unrestricted sale and use of ardent spirits, and such sale was

made unlawful, and punished by a penalty, that all such contracts must be considered unlawful, and the law would not aid in enforcing them. The statement that such a contract is *illegal* and *void*, was proper enough when applied to the original contract between the parties; it means merely that the law will not enforce it. The contract is void in the same sense that any contract is void which is not supported by any consideration. It is a common expression, and one frequently found in the books, that a contract not supported by a consideration is *void*. Still, as applied to negotiable instruments this is not technically correct, for though they cannot be enforced between the original parties, the want of a consideration furnishes no defence to such instrument in the hands of a *bona fide* holder. The general effect of illegality of consideration is precisely the same, and is, or is not, a defence under the same circumstances.

The judgment is affirmed.