LAUTER et ux. v. JARVIS–CONKLIN MORTGAGE TRUST CO. et al.

(Circuit Court of Appeals, Sixth Circuit. May 17, 1897.)

No. 406.

CONTRACTS OF FOREIGN CORPORATIONS—NEGOTIABLE PAPER—MORTGAGES.

A state statute declaring it unlawful for any foreign corporation to do business or acquire property in the state without first complying with the provisions of the statute, and imposing a fine for violation thereof (Acts Tenn. 1891, c. 122), does not render invalid, in the hands of an innocent purchaser for value, negotiable paper taken by a foreign corporation without complying with the statute, nor render unenforceable a trust deed, securing the same, on property in the state.

Appeal from the Circuit Court of the United States for the Eastern District of Tennessee.

Shepherd & Frierson, for appellants.
Brown & Spurlock, for appellees.

Before TAFT and LURTON, Circuit Judges, and HAMMOND, J.

LURTON, Circuit Judge. This is a bill to enforce a deed of trust made by A. W. Lauter and wife to secure a note for $2,000, payable to the Jarvis-Conklin Mortgage Trust Company. This note, before maturity, was assigned to one J. M. S. Armitage, in due course of business, for value, and without any notice of infirmity. The defense was that the note was made to the Jarvis-Conklin Mortgage Trust Company for money loaned in the state of Tennessee, and that that company was a corporation of the state of Missouri, engaged at the time of this transaction in the business of lending money on bond and mortgage within the state of Tennessee, without having complied with the law of that state, which made it unlawful for any foreign corporation to do or to attempt to do business in the state without having first registered its charter with the secretary of state, and in each county where it proposed to do business. The contention is that the note thus taken, and the mortgage made to secure it, are illegal and void in the hands of an innocent holder. To this we cannot agree. The third section of the act providing for the registration of the charters of corporations of other states or countries provides:

"That it shall be unlawful for any foreign corporation to do or attempt to do any business, or to own or acquire any property in this state without having first complied with the provisions of this act, and a violation of this statute shall subject the offender to a fine of not less than one hundred ($100) dollars nor more than five hundred ($500) dollars, at the discretion of the jury trying the case." Acts Tenn. 1891, c. 122.

The general and well-settled rule in favor of negotiable paper is that an innocent purchaser for value, before maturity, is unaffected by the fact that the consideration was illegal, and the note void and unenforceable by one having notice of the facts. If the illegality of the consideration results from a statute merely prohibiting a business, or imposing a penalty, but does not declare a note or bill based upon such a prohibited transaction absolutely null and void, a bona fide holder of such paper will be protected. 1 Daniel, Neg. Inst. §§ 197, 198; 2 Rand. Com. Paper, § 559; Farmers' Nat. Bank v. Sutton Mfg. Co., 6 U. S. App. 312–334, 3 C. C. A. 1, and 52 Fed. 191; Williams v. Cheney, 3 Gray, 329; Cazet v. Field, 9 Gray, 329; Converse v. Foster, 32 Vt. 828; Bank v. Thompson, 42 N. H. 369; Vallett v. Parker, 6 Wend. 615; Vinton v. Peck, 14 Mich. 286; Lacy v. Sugarman, 12 Heisk. 354–364. There are a few exceptions to this general rule, mainly dependent on statutes against usury and gaming. The Tennessee statute relied upon as making this note void contains no provision either expressly or impliedly declaring a note made in course of such a prohibited business void in the hands of an innocent holder for value. In Vinton v. Peck, cited above, the note in suit was made on Sunday, in violation of a statute prohibiting the doing of business on that day. Campbell, J., said:

"This note bore on its face a legal date, which was placed upon it for the express purpose of obtaining credit for it as a lawful instrument, and it would certainly be valid in the hands of a bona fide holder. The statute has not declared that notes made contrary to the Sunday law shall be void under all circumstances. Their invalidity is only to be implied from the prohibition of Sunday business, and under such a statute a bona fide holder is protected."

In Cazet v. Field, 9 Gray, 329, a note given in violation of a statute regulating the liquor business was held valid in the hands of a bona fide holder. In Williams v. Cheney, 3 Gray, 215–222, a note executed to a foreign insurance company, engaged in doing business within the state in violation of a statute prohibiting the doing of business until qualification under the law, was held valid in the hands of a bona fide holder, although the payee could have maintained no action thereon. In Converse v. Foster, 32 Vt. 828, the suit was upon a note made for the purchase of liquor, in violation of a statute prohibiting the business. The note was assigned to an innocent purchaser for value, who brought suit thereon. The court said:

"The statute of this state in force at the time of this transaction prohibited all sales of spirituous liquors, except for certain specified purposes, and by certain persons duly licensed therefor, and imposed a penalty for all acts of selling in contravention of the law, but contained no provisions in reference to the legal effect or binding force of such illegal contracts of sale, or of any securities given for the price of liquors so illegally sold. The English statutes against usury and gaming not only impose a penalty for such illegal acts, but expressly declare that all notes, bills, bonds, and other securities given upon such illegal considerations, shall be utterly void. All the cases that have been cited, and all that can be, so far as we know, both English and American, upon this subject, turn upon this very distinction and difference between these statutes. In those cases in which the legislature have declared that the illegality of the contract or consideration shall make the security, whether bill or note, void, the defendant may insist on such illegality, though the plaintiff, or some other party between him and the defendant, took the bill or note bona fide, and gave a valuable consideration for it. But, unless it has been so expressly declared by the legislature,

illegality of consideration will be no defense in an action at the suit of a bona fide holder for value, without notice of the illegality; unless he obtained the note or bill after it became due. This doctrine is fully stated by Mr. Chitty and Judge Story in their treatises on Bills and Notes. See, also, Bank v. Barnard, 1 Hall, 70; Vallett v. Parker, 6 Wend. 615."

The case of Lumber Co. v. Thomas, 92 Tenn. 593, 22 S. W. 743, has been cited as holding that the Tennessee act made void all contracts of corporations doing business in violation of the statute. That was a suit by the noncomplying corporation upon a contract made in the course of a business conducted in the state without compliance with the terms of the statute. The question as to whether a bona fide holder of negotiable paper would be affected because of the illegal character of the business out of which the note issued was not before the court. In the case of Lacy v. Sugarman, 12 Heisk. 354, it was held by the Tennessee supreme court that an innocent holder, for value, of a note made in violation of the act of congress prohibiting business between belligerents during the civil war, was protected, and might recover against the maker and indorsers. The mortgage to secure this note was a mere security, and followed the debt. It was made to one Samuel M. Jarvis, as trustee, who might have enforced it by a sale for the benefit of any bona fide holder of the debt secured. The Jarvis-Conklin Mortgage Trust Company, having assigned the note, was an unnecessary party to a bill to enforce the mortgage. The legal title was in Jarvis as trustee. He joined the holder of the note as a complainant. The original payee had no interest in the suit, and should not have been joined as a complainant. The fact that this note was payable on its face to the Jarvis-Conklin Mortgage Trust Company carried with it no notice that the note was made in violation of law, or that that company was not lawfully doing business in Tennessee. Indeed, it was admitted at the bar by counsel that the note was dated at Kansas City, Mo., and was there made payable. Upon this assumption the purchaser would have had no notice that the note was a Tennessee contract. The decree below was correct, and must be affirmed.