DAVID ASKEGAARD v. ANDREW S. DALEN.[1]

November 25, 1904.

Nos. 14,154—(154).

**Promissory Note—Gaming Transaction.**

In an action upon a promissory note executed by respondent to a third person and indorsed to appellant, *held:* The evidence was sufficient to sustain a holding that the note was given to cover losses, advances, and commissions growing out of the purchase of an option on wheat; that the transaction was illegal, the note without consideration, and that the burden of proving he was an innocent purchaser, in good faith, rested upon appellant when such defense was made out.

Appeal by plaintiff from an order of the district court for Clay county, Baxter, J., denying a motion for a new trial, after a trial and findings in favor of defendant. Affirmed.

*Wm. R. Tillotson* and *F. H. Peterson,* for appellant.

*C. G. Dosland,* for respondent.

LEWIS, J.

Action upon promissory note of $350, executed by defendant to E. F. Ludwigsen and indorsed by him. Defense, no consideration and void, the note having been given for the amount of losses, advances, and commissions sustained by Ludwigsen and plaintiff in the purchase of wheat options on behalf of defendant, which amounted to a wager on the future price of wheat. The trial court sustained the defense, and the appeal presents the question: Is there sufficient evidence to sustain the findings of the trial court?

The parties hereto all resided in Clay county, Minnesota. The note having been introduced in evidence by plaintiff with the indorsement

[1] Reported in 101 N. W. 503.

of the payee established a prima facie case. Defendant testified in defense that he was contemplating the purchase of wheat upon the board of trade at Duluth; that Ludwigsen told him not to send to Duluth, that he and plaintiff, who lived in an adjacent village, would attend to the matter for him; that defendant thereupon gave Ludwigsen $150 to send to plaintiff, which was the margin required for the purchase of three thousand bushels of wheat. Defendant further testified that a couple of days thereafter Ludwigsen showed him a telegram from plaintiff, which stated he had purchased the wheat at eighty-six cents a bushel; that Ludwigsen represented to defendant that he and plaintiff would take care of the whole transaction for him; that afterwards Ludwigsen came to defendant's house, and requested him to give plaintiff a note for security, as he had not paid him enough, and assuring defendant he need have no fear and that everything would be all right; that defendant then executed a note payable to Ludwigsen, which was dated back to the previous October. In answer to the question why he had executed the note to Ludwigsen, defendant said he understood Ludwigsen and plaintiff were in business together, and that Ludwigsen was acting for plaintiff, and further stated that he had not bought any actual wheat to be delivered to him; that Ludwigsen had told him plaintiff was in the business of buying options and had a private wire, and that he put up a five-cent margin on three thousand bushels.

The evidence is sufficient to sustain a finding that the transaction was illegal, within the rule laid down in Mohr v. Miesen, 47 Minn. 228, 49 N. W. 862, and McCarthy v. Weare Commission Co., 87 Minn. 11, 91 N. W. 33, it not being the intention of the parties to purchase any actual wheat, but merely that defendant advanced $150 for the purpose of risking it as a five-cent margin on three thousand bushels of wheat, dependent upon its future price. No other sum was paid. The deal was the purchase of an option, and there never was any statement made of the wheat bought, nor any demand for its delivery; but a bill was presented for the losses occasioned by a fall in the market price. The conduct of the parties was sufficient to justify the court in holding that the scheme was a gamble on the future price of wheat. If the deal was illegal in its inception, and if the note was given for the purpose of covering losses resulting from a decline in the market

price of wheat, then the note partook of the illegal nature of the deal, and there was no valid consideration for it.

Waiving the question whether the declarations on the part of Ludwigsen were sufficient to establish agency, those statements were competent as between Ludwigsen and defendant for the purpose of showing the nature of the arrangement. If, therefore, the introduction of the note, with the proper indorsement, established prima facie a cause of action in plaintiff, when the true nature of the transaction developed in the course of the trial, and evidence was received sufficient to establish the illegality of the note, then plaintiff was required to assume the burden of showing that, notwithstanding such fact, he was an innocent purchaser, in good faith, before maturity. Plaintiff made no attempt in that respect, and the defense was established. Bank of Montreal v. Richter, 55 Minn. 362, 57 N. W. 61. The reason for the rule is the same, whether the note has its inception in fraud or in an illegal transaction.

Order affirmed.