## C. H. FINSETH v. J. C. SCHERER, JR.[1]

November 23, 1917.

No. 20,563.

**Bills and notes — recovery.**

1. Negotiable paper, executed as part of a transaction with a foreign corporation doing business in this state in violation of the laws relating to foreign corporations, may be enforced by a bona fide purchaser thereof.

[1]Reported in 165 N. W. 124.

**Amendment of complaint — admission of evidence — exclusion of exhibits.**

    2. It was not error for the trial court to allow an amendment of the complaint at the trial; nor to permit the cashier of a bank having personal knowledge of the fact to testify that a depositor had checked out the entire amount to his credit; nor to exclude exhibits offered solely for the purpose of contradicting a witness upon an immaterial point.

Action in the municipal court of Minneapolis to recover $130 on a promissory note. The defense is stated in the third paragraph of the opinion. The case was tried before Charles L. Smith, J., who at the close of the testimony granted plaintiff's motion for a directed verdict. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Brady, Robertson & Bonner,* for appellant.

*Lancaster, Simpson & Purdy* and *James E. Dorsey,* for respondent.

TAYLOR, C.

The municipal court of the city of Minneapolis directed a verdict for plaintiff in a suit upon a promissory note, and defendant appealed from an order denying a new trial.

Section 6206, G. S. 1913, provides that: "Every foreign corporation for pecuniary profit, before it shall be authorized or permitted to transact any business in this state * * * or to acquire, hold, or dispose of property within this state, or to sue or maintain any action at law or otherwise in any of the courts in this state," shall comply with certain prescribed conditions; and section 6208, G. S. 1913, further provides that: "Every such foreign corporation * * * which shall neglect or fail to comply with the foregoing conditions shall be subject to a fine of one thousand dollars to be recovered before any court of competent jurisdiction; * * * and no corporation which shall fail to comply with the foregoing provisions shall maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of contract or tort." The statute excepts from its operation certain classes of corporations not here important.

The Co-operative Wheat Ranch Company is a West Virginia corporation which was doing business in this state without having complied with the conditions prescribed by the statute, and which employed the

A. C. Bohrnstedt Company, a Minnesota corporation, to make sales of its capital stock. The Bohrnstedt Company sold some of the capital stock of the Wheat Ranch Company to defendant, and received the note in controversy for a part of the purchase price of the stock. The note contained nothing upon its face to show that it was connected in any way with any transaction of the Wheat Ranch Company. It was made payable to the Bohrnstedt Company, was sold and indorsed by that company to the State Bank of Lafayette before maturity, and was transferred by the bank to plaintiff, its cashier, after maturity. Although plaintiff took the note after maturity, he stands in the shoes of the bank who took it in the usual course of business for value before maturity, and the principal question presented is whether a bona fide purchaser is entitled to enforce it against the maker. Defendant admits the execution and delivery of the note, but contends that it was given in violation of the above statute, and is void for that reason in the hands of whomsoever it may come.

The note was fair on its face and was executed and put in circulation by defendant. In respect to negotiable paper this court has said: "A party who puts his paper in circulation invites the public to receive it of any one having it in his possession with apparent title, and he is estopped to urge an actual defect in the paper, when, through his own act, it ostensibly has none." First Nat. Bank of Freeport v. Compo-Board Mnfg. Co. 61 Minn. 274, 63 N. W. 731. See also Drew v. Wheelihan, 75 Minn. 68, 77 N. W. 558; Askegaard v. Dalen, 93 Minn. 354, 101 N. W. 503; First Nat. Bank of Morrison v. Busch, 102 Minn. 365, 113 N. W. 898.

It is well settled that a bona fide holder of negotiable paper executed as part of a transaction prohibited by statute is within the protection of the above rule, and may enforce such paper, except in those cases in which the statute has expressly or by necessary implication declared it void. The statute in question does not expressly declare such paper void, and according to the great weight of authority cannot be construed as declaring it void by implication. McMann v. Walker, 31 Colo. 261, 72 Pac. 1055; Union Trust Co. v. Preston Nat. Bank, 136 Mich. 460, 99 N. W. 399, 112 Am. St. 370, 4 Ann. Cas. 347; Commercial Nat. Bank v. Jordan, 71 Fla. 566, 71 South. 760; Citizens Nat.

Bank v. Bucheit, 14 Ala. App. 511, 71 South. 82; Northern Nat. Bank v. Arnold, 187 Pa. St. 356, 40 Atl. 794; Lauter v. Jarvis-Conklin Mortg. Trust Co. 85 Fed. 894, 29 C. C. A. 473; Hamilton v. Fowler, 99 Fed. 18, 40 C. C. A. 47; Williams v. Cheney, 3 Gray (69 Mass.) 215; Arnd v. Sjoblom, 131 Wis. 642, 111 N. W. 666, 10 L.R.A.(N.S.) 842, 11 Ann. Cas. 1179; Rhodes v. Beall, 73 Ga. 641; Citizens State Bank v. Nore, 67 Neb. 69, 93 N. W. 160, 60 L.R.A. 727, 2 Ann. Cas. 604; State Bank v. Holland, 103 Tex. 266, 126 S. W. 564; Hart v. Livermore F. M. Co. 72 Miss. 809, 17 South. 769; Tescher v. Merea, 118 Ind. 586, 21 N. E. 316; Cowing v. Altman, 71 N. Y. 435, 27 Am. Rep. 70; Glenn v. Farmers' Bank, 70 N. C. 191. To enable the maker to escape liability upon his note when held by a bona fide purchaser, the statute must expressly or by necessary implication declare the note to be void as well as the contract which constitutes the consideration for it. That it was based upon an illegal or prohibited contract is a valid defense against those chargeable with notice thereof, but not against innocent parties who have taken it in reliance upon the law merchant.

2. The original complaint, after alleging the execution of the note to the Bohrnstedt Company, alleged that it was indorsed by that company to plaintiff. At the opening of the trial, the court allowed plaintiff to amend his complaint by alleging that the note was indorsed by the Bohrnstedt Company to the bank and was transferred by the bank to plaintiff. Defendant insists that it was error to allow this amendment at the trial as plaintiff, who took the note after maturity, was not a good-faith purchaser himself, but, under the amendment, was permitted to prove that the bank was a good purchaser. The allowance of amendments at the trial is discretionary with the trial court, and we are satisfied that this discretion was not abused. 2 Dunnell, Minn. Dig. §§7696, 7697, 7698

3. The Bohrnstedt Company had a checking account in the State Bank of Lafayette and the amount of the note was credited to the company in this account. Defendant insists that it was error to permit plaintiff, who was cashier of the bank, to testify that the company had checked out the entire amount to its credit before the maturity of the note. Plaintiff having personal knowledge of the fact that the money had been paid out, was competent to testify to it. We know of no rule of law

which makes the books of the bank the exclusive evidence of such facts. 2 Wigmore, Ev. § 1560.

4. Two exhibits offered by defendant were excluded, and he insists that this ruling was error on the ground that they tended to contradict the testimony given by plaintiff and therefore had a bearing upon his credibility as a witness. The facts stated in the exhibits were not sufficient to show that the alleged contradiction existed; and, if it did, it was only as to a point which is wholly immaterial. The ruling was therefore correct.

The order appealed from is affirmed.