FARMERS & MERCHANTS STATE BANK v.
FRANK GRAIF, SR.[1]

November 18, 1921.

No. 22,509.

**Note of unlicened foreign corporation enforceable by whom.**

1. A note by a foreign corporation, not licensed to do business in Minnesota, given in the course of business done here, is enforceable in the hands of a bona fide purchaser.

**Same — negotiation of note in payment for stock not a fraud.**

2. The evidence does not show that a note given to a corporation in payment of its stock, where there was an accompanying agreement that the stock would go to par within a year, contemplated that it should not be negotiated, and that its negotiation was a fraud within the Negotiable Instruments Act and cast upon a purchaser the burden of proving good faith.

**Finding supported by evidence.**

3. The finding of the trial court that the plaintiff was a bona fide purchaser is sustained by the evidence.

Action in the district court for Mower county to recover $1,000 upon a promissory note. The case was tried before Childress, J., who made findings and ordered judgment for $1,200. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Moonan & Moonan,* for appellant.

*Sasse & French,* for respondent.

DIBELL, J.

Action to recover upon a promissory note made by the defendant Graif to the United States Rural Credit Association, a South Dakota corporation, and indorsed to the plaintiff. The trial court found for the plaintiff. The defendant appeals from an order denying his motion for

[1] Reported in 185 N. W. 374.

a new trial. The controlling question is whether the plaintiff was a bona fide purchaser.

1. The note was dated March 2, 1917, was due in one year and was given in payment of 20 shares of stock of the association of the par value of $100 each. It was purchased by the plaintiff before maturity. The association was not licensed to do business in Minnesota as provided by G. S. 1913, §§ 6206-6208. The note was enforceable in the hands of an innocent purchaser though the association was not licensed. Finseth v. Scherer, 138 Minn. 355, 165 N. W. 124.

2. The agent making the sale agreed in the name of the association as follows:

"This is to certify that the United States Rural Credit Association agrees to refund to Mr. Frank Graif, Sr., $1,000.00 note (which he gave for twenty shares of their stock) if the stock does not go to the value of $100.00 a share by March 1st, 1918."

The evidence shows that what the defendant wanted was a guaranty that the stock would go to par within a year and that the agreement was for that purpose. The association did not agree not to negotiate the note. Its negotiation was not a fraud within the Negotiable Instruments Act. G. S. 1913, § 5867. See McWethy v. Norby, 143 Minn. 386, 173 N. W. 803; Wade v. National Bank of Commerce, 144 Minn. 187, 174 N. W. 889; Farmers State Bank v. Skellet, 149 Minn. 266, 183 N. W. 831. Of course if the plaintiff knew of the agreement it was not a bona fide purchaser and cannot recover. Whether there was fraud in negotiating the note is important only because fraud puts the burden of proof of good faith upon the purchaser. G. S. 1913, § 5871.

3. The trial court found that the plaintiff was a good faith purchaser. The association was a customer of the bank and kept an account with it. The bank knew that it was selling its stock. It took notes from it as collateral and in a few instances bought. There are some circumstances disclosed by the evidence from which arguments can be made that the bank was charged with notice of the defenses claimed. When made they are arguments upon questions of fact. The most that can be said, favorable to the defendant, is that a finding contrary to that made would be sustained. That made is sustained.

The case was vigorously contested. We have considered all the ques-

tions raised and find it unnecessary to remark upon other features of the case.

Order affirmed.

On December 16, 1921, the following opinion was filed:

## ON MOTION FOR REARGUMENT.

PER CURIAM.

The defendant asks for a reargument principally upon the ground that the decision is in conflict with Wade v. National Bank of Commerce of Mankato, 144 Minn. 187, 174 N. W. 889, cited in the opinion, along with other cases, as an illustration of the negotiation of a note contrary to agreement and so in fraud. G. S. 1913, § 5867. In that case a writing signed by the payee, an insurance agent, who had taken a note for an insurance premium, contained the statement that in the event that the maker secured more satisfactory insurance within 60 days "the premium * * * will be returned to you without reservation." The testimony was that the payee said "that that note wouldn't go any farther than him until the sixty days was up; it wouldn't be used in any way." The court treated the case as one of conditional delivery.

In the case at bar what the defendant wanted was assurance of safety. He used the word "guarantee." The defendant was not unfamiliar with corporate stock. He did not buy in ignorance. He must have known that stock is sold to get money. He exacted what he thought would make him safe. If the association were responsible he would be safe. He took the stock. He could sell it. We are unable to believe that it was the thought of either the defendant or the corporation that the note should not be negotiated, and we take it that the trial court's view is in accord. The agreement served a purpose and was binding, but it was not an agreement not to negotiate the note. The Wade case was in mind when the opinion was written. We thought it not at all controlling. As stated in the opinion, the question whether the note was negotiated in fraud of an agreement is only important upon the question of the burden of proof, but, if the burden of proof were upon the plaintiff, it may be that some questions not discussed in the opinion would be material. The motion for a reargument is denied.