## HUGHES BROS. MFG. CO. v. CICERO TRUST & SAVINGS BANK.

Circuit Court of Appeals, Fifth Circuit.
February 10, 1928.

### No. 5054.

1. **Commerce ⬅➡60(1)—Interstate contract of sale cannot be rendered invalid by state statute (Rev. St. Tex. 1925, arts. 7426, 7437).**

A transaction by which a manufacturer in Illinois sold and shipped to a purchaser in Texas articles to be given away as premiums on sale of other merchandise is interstate, and is not affected by Rev. St. Tex. 1925, arts. 7426, 7437, making such transactions invalid.

2. **Bills and notes ⬅➡375—Note in hands of innocent holder for value is not invalid, because given in settlement of an illegal transaction.**

In the absence of a statute making it so, a note in the hands of an innocent holder for value is not invalid, because given in settlement of a transaction illegal under the laws of a state.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action at law by the Cicero Trust & Savings Bank against the Hughes Bros. Manufacturing Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. H. Flippen and John T. Gano, both of Dallas, Tex. (John W. Miller, of Dallas, Tex., on the brief), for plaintiff in error.

W. M. Holland, of Dallas, Tex. (Holland, Bartlett, Thornton & Chilton and O. D. Montgomery, all of Dallas, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Defendant in error, hereafter called plaintiff, brought suit as holder of a trade acceptance in the form of a promissory note dated at Dallas, Tex., December 9, 1925, payable 60 days after date, to the order of Four C Company, of Cicero, Ill., for $3,750, and signed and indorsed, "Accepted" by plaintiff in error, hereafter called defendant. At the close of the evidence both sides moved for a directed verdict. The motion of plaintiff was granted, and that of defendant was overruled. Error is assigned to this action of the court.

In defense of the claim defendant set up that the trade acceptance was given in payment of a contract void under the anti-trust laws of Texas, particularly articles 7426 and 7437 of the Revised Civil Code of Texas of 1925. Other defenses pleaded need not be noticed, as they are conclusively determined by the verdict.

From the undisputed facts in the record it appears that in August, 1925, the Four C Company sold and delivered to defendant 200 fixtures, racks to hold paper bags, which were intended to be given away as premiums by defendant to promote the sale of other merchandise. This shipment was paid for, and in September, 1925, another shipment of 300 of the same fixtures was made. Defendant complained that these fixtures were defective, and the Four C Company agreed to send its chief mechanic from Cicero, Ill., to Dallas, Tex., to repair them, and also agreed to send four of its salesmen to assist defendant in disposing of the fixtures. Pursuant to this agreement the trade acceptance was executed, and thereafter the mechanic and the salesmen were sent to Texas; but the fixtures were not repaired to the satisfaction of defendant, and the salesmen made no satisfactory sales. Plaintiff, however, purchased the trade acceptance in good faith, for value, before maturity, without knowledge of any infirmities.

[1] For the purpose of argument we may concede the somewhat doubtful proposition that the original contract was illegal under the laws of Texas; but that is not necessarily decisive of the case, if the transaction was interstate in character. It is contended by defendant that the transaction was intrastate, because of the sending into Texas of the mechanic and salesmen above referred to. There are many cases dealing with the subject and decisions both ways on practically similar facts, but citation of such cases would not be helpful, as necessarily each case is determined by the facts peculiar to it. Undoubtedly, up to the moment the mechanic and salesmen were sent to Texas, the transaction was interstate in character, and not governed by the statutes of Texas, and therefore perfectly legal. The sale was completed before the sending into Texas of the mechanic and salesmen. That did not change its character, and was entirely relevant and appropriate thereto. The transaction must be considered interstate. York Mfg. Co. v. Colley, 247 U. S. 21, 38 S. Ct. 430, 62 L. Ed. 963, 11 A. L. R. 611.

[2] Again it is contended by plaintiff that, as it was an innocent third holder for value, the trade acceptance would not be rendered void by any illegality in the original contract. In the absence of a specific statute, or rule of the common law, applying to the particular contract, this contention would be sound. The rule is thus tersely stated in Tilden v. Blair, 21 Wall. at page 248, 22 L. Ed. 632: "Where a note or a bill is not made void by statute, mere illegality in its consideration will not affect the rights of a bona fide holder for value." To the same effect, see the Farmers' National Bank v. Sutton Mfg. Co. (C. C. A.) 52 F. 191, 17 L. R. A. 595; Lauter v. Jarvis-Conklin Mortgage Trust Co. (C. C. A.) 85 F. 894; Washer v. Smyer, 109 Tex. 398, 211 S. W. 985, 4 A. L. R. 1320.

We find nothing in the law of Texas making void in the hands of an innocent holder a note or bill given in settlement of a transaction illegal under the monopoly and anti-trust statutes of that state. The record shows no reversible error.

Affirmed.