[1] Reported in 281 N.W. 877.
A claim for the unpaid balance of the purchase price of certain cattle under written contract made by the claimant and decedent on December 1, 1931, was allowed by the probate court, from which an appeal was taken to the district court, where claimant had a verdict. The rather informal contract provides that decedent agreed to pay claimant for 104 heifers and steers which she had upon her farm in Traverse county, eight cents per pound net at the market at South St. Paul, Minnesota, on or before January 15, 1932; that the claimant was to care for and feed the cattle until that time; that the weight of the cattle was to be figured upon delivery at South St. Paul; that deceased was to pay all freight, commissions, and charges and that if the net proceeds of the cattle were over eight cents per pound according to the normal market at South St. Paul claimant was to receive one-fourth of such excess, but that in no event was she to stand any loss if the selling price was less than eight cents per pound. The defense is that the contract is illegal as a wagering contract whereby it was intended that there be no actual sale or delivery of the cattle but only a speculation on the market price and a settlement on the difference between the market and the contract price.
1. We assume, as did counsel and the court below, that the rule against wagering contracts relates to cases where the seller actually owns and possesses the specific property which is the subject of the contract as well as those where the seller does not own the property at the time of making the contract. See First Nat. Bank v. Carroll, 80 Iowa, 11,45 N.W. 304, 8 L.R.A. 275; 6 R.C.L. 782, *Page 493 
§ 186, note 11. The contract would be lawful if it were only a contract of sale of personal property upon future delivery. Mohr v. Miesen, 47 Minn. 228, 49 N.W. 862; Rail v. Little Falls Lbr. Co. 47 Minn. 422, 50 N.W. 471; Becher-Barrett-Lockerby Co. v. Hilbert, 197 Minn. 541, 267 N.W. 727; 2 Mason Minn. St. 1927, §§ 8415 to 8417 (Uniform Sales Act, §§ 41 to 43). But a contract in form for the future delivery of personal property, not intended to represent an actual transaction, but merely to pay and receive the difference between the agreed price and the market price at a future day, is in the nature of a wager on the future market price of the commodity and is void. The test is whether there is to be an actual delivery of the property. Mohr v. Miesen, supra; McCarthy v. Weare Comm. Co. 87 Minn. 11,91 N.W. 33; Braucht v. Graves-May Co. 92 Minn. 116,99 N.W. 417; Askegaard v. Dalen, 93 Minn. 354, 101 N.W. 503; Fraser v. Farmers Co-op. Co. 167 Minn. 369, 209 N.W. 33, 913; Becher-Barrett-Lockerby Co. v. Hilbert, supra; note 83 A.L.R. 522. Since the determinative rule is the same in any event, it is not necessary to decide whether 2 Mason Minn. St. 1927, § 10223-1, relating to wagering contracts in wheat, grain, and farm products, has any application to the instant case. See Deterling v. Geib, 192 Minn. 60, 255 N.W. 484.
2. The burden of establishing that such a contract is a wager is upon the party who asserts the fact, Mohr v. Miesen,supra, and hence in the instant case is upon the defense. Whatever the form of such a transaction, it may be shown that the parties did not really intend that the goods contracted for be delivered. The inquiry in this case was to determine whether or not the parties intended actual delivery. There was no direct evidence that actual delivery was not intended. There was much direct and circumstantial evidence to show that the parties from the beginning really intended the actual delivery which was made in this case. The contract itself speaks such an intention. The circumstances and facts shown constitute evidence of the fact. Performance was postponed by agreement of the parties from January to February, 1932. The deceased, while under no obligation to do so, furnished commercial feed for the cattle. In February, 1932, 86 of the cattle, selected by *Page 494 
the deceased's agent, were shipped to South St. Paul. The agent and claimant accompanied the cattle. The commission firms which handled the sale of the cattle made out invoice statements and checks in claimant's name which were sent to the deceased, who later delivered them to claimant. The other 18 cattle remained in claimant's possession until June, 1932, when they were shipped to South St. Paul and sold under the same arrangement as the 86 cattle that were shipped in February. Meanwhile they were assessed in the name of deceased, who agreed upon the valuation with the assessor and paid the tax based upon such assessment. The price received for the cattle was less than eight cents per pound, leaving a balance due from the deceased to plaintiff upon which he made four payments.
3. There was no error in failing to submit to the jury the issue of a wagering contract since there was no evidence to sustain such a finding by the jury.
The various assignments of error relating to rulings on the admission of evidence have been considered and found without merit.
Affirmed.